INHABITANTS OF KENNEBUNKPORT *versus* TIMOTHY R. SMITH.

The right of the inhabitants of a town who have incurred expense for the support of a person as a pauper, given by Stat. 1821, c. 122, § 19, to recover the same against such person, is barred by the statute of limitations, unless an action for the recovery thereof shall have been commenced within six years from the time the cause of action accrued.

This action was assumpsit, and was commenced on Oct. 22, 1841, to recover the sum of eighty dollars and eighty-four cents paid by them to the inhabitants of the town of York, on Oct. 14, 1831. The declaration was upon the statute, 1821, c. 122, § 19, and averred that the plaintiffs were entitled to recover by virtue thereof. The statute of limitations was pleaded.

It was agreed by the parties, that the defendant had his legal settlement in the town of Kennebunkport, and that the plaintiffs were legally bound to pay and did pay that sum to the inhabitants of York, on Oct. 14, 1831, for the support of the defendant in York as a pauper, he being then in prison. If the action is not barred by the statute of limitations, judgment is to be entered for the plaintiffs for the amount paid and interest; and if so barred, the plaintiffs are to become nonsuit.

The arguments were in writing.

*J. Shepley*, for the plaintiffs, contended that this action, being founded solely on the Stat. 1821, c. 122, § 19, and not on any promise express or implied, is not barred by the prior statute of limitations.

The legislature could never have intended, that when the action is given against a man, then too poor to pay the expenses of his support, that a suit should be forthwith brought against him, or that the statute of limitations should begin to run against the claim. The words of the statute are general, that towns "who have incurred expense for the support of any pauper," may recover it against him. There is no limitation in the statute, and this is wholly independent of the prior statute of limitations, and not affected by it.

The action is not barred by the Revised Statutes. The section, which must be relied upon, has reference only to causes of action which shall accrue after the act took effect, " within six years after the cause of action shall accrue ;" and is confined to such actions as are "founded on any contract or liability express or implied." But however this may be, this case is excepted by the second section of the repealing act, Rev. Stat. p. 790. How can all actions and causes of action, be saved, if at the very instant the act went into operation, these same causes of action are barred by the statute of limitations, taking effect at the same time. All such causes of action are continued in the same manner, as if the Revised Statutes had never been enacted.

The "actions of the case" barred by the statute, are either actions of tort, or actions upon contracts of the parties, express or implied; and the words were never intended to reach a liability created by. statute merely. Here the right, and the remedy to enforce it, are given in the same sentence. It is a complete statute liability, both in substance and form. The remedy by action of assumpsit, was not given to take away any advantages the town might have, but with the view of giving the most .simple and familiar form of action. Had the statute been silent as to the form of action, or given the action of debt, there could have been no ground to pretend, that the

Kennebunkport *v.* Smith.

statute of limitations applied. That the latter statute was never intended to apply to a mere statute liability, is supported by the consideration, that penal actions are not considered as included within the provisions of the seventh section, but are taken up in a separate section. The case, *Bullard* v. *Bell,* founded on the statute liability of the defendant to pay bills of the Amherst Bank, and commenced after a lapse of more than six years, 1 Mason, 289, was cited, with comments, and relied on. Also *Hodsden* v. *Harridge,* 2 Saund. 61, 65, and Angell on Lim. 163, and cases there cited.

*W. P. Haines,* for the defendant, contended that as this action was not commenced until Oct. 1841, the Revised Statutes must govern.

It is provided by the Rev. Stat. c. 32, § 50, that "any town, which *has incurred* expense for the support of any pauper, whether legally settled in such town or not, may recover the amount of the same against such person, his executors or administrators, in an action of assumpsit." And it is declared in c. 146, § 1, that "the following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards, namely:" "Fourth; all actions of assumpsit or upon the case, founded on any contract or liability, express or implied."

It is a well settled principle of law, that all statutes of limitations, unless otherwise expressed, apply as well to causes of action past as to future. In this case, if the suit were not barred by the Stat. 1821, c. 62, it is barred by the Revised Statutes above cited. *Beal* v. *Nason,* 14 Maine R. 347. This action is assumpsit, and falls within the express language of the statute, and is "founded upon any contract or liability, express or implied," for it is expressly created by statute.

It is said, for the plaintiffs, that if the statute was silent as to the form of action, that the plaintiffs could have brought debt, which would not have been barred by the statute of limitations. But the statute expressly says, that the form of action shall be assumpsit. In *Bullard* v. *Bell,* the action was debt, and therefore the case does not apply here.

It is said, that this case is to be determined by the laws in force previous to the Revised Statutes. If this were so, which is not admitted, the action is barred by the old statute of limitations, c. 62, § 7. All actions of the case must be commenced within six years next after the cause of action accrues, and "*not afterwards.*" In § 9, certain parties are specified, who shall not be barred. Towns are not of the number.

The case of *Crosier* v. *Tomlinson*, 2 Mod. 71, shows that assumpsit is within the meaning of the term, "actions on the case."

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of assumpsit under the statute of 1821, c. 122, § 19, which provides that "the inhabitants of any town, within this State, who have incurred expense for the support of any pauper, whether he was legally chargeable to them by means of his settlement or not, may recover the same against such person, his executors and administrators, in an action of assumpsit for money paid, laid out and expended for his use." By the agreed statement of facts in the case it appears, that the claim of the plaintiffs comes within this legal provision ; but it appears also that the cause of action accrued more than six years before the commencement of the suit ; and that it is barred by the statute of limitations, if the provisions of that statute can be extended to a case of this kind. It does not seem to be material to determine whether the statute of limitations of 1821, or of 1841, should be relied upon in the defence. Either, in the literal import of its terms, would seem to embrace this case. The statute of 1821 bars all actions of the case, and an action of assumpsit is an action of the case ; and the statute of 1841 bars "all actions of assumpsit or upon the case, founded upon any contract or liability express or implied."

But it is contended, that although the case may be embraced in the terms of the statutes, yet that it is not within the purview of either of them. And the argument of the counsel for the plaintiffs, upon the point, is ingenious and somewhat plausible,

but, on the whole, not entirely satisfactory. The statute authorizing the maintenance of this action is remedial, and not penal. It gives to the inhabitants of towns a right to be reimbursed for an expenditure, incurred by authority of law, against the recipient of the benefit. It merely creates an implied promise on his or her part to make the reimbursement. Prior to the passage of the statute it had been held that, at common law, no such action would lie, to recover for supplies furnished to one, who was at the time actually a pauper. *Deer Isle* v. *Eaton & wife*, 12 Mass. R. 328. This decision, although technically correct, was doubtless supposed, by the legislature, to sanction a principle, which might operate in some cases unreasonably; and therefore provision was made doing away its effect. If the statute had provided a penalty for a misfeasance, and had ordered that it should be recovered by an action of debt; or had given an action of debt for any cause, not grounded on a lending or contract, the statute of limitations of 1821, would not have been pleadable; for the case would not have been within its terms. *Bullard* v. *Bell*, 1 Mason, 289. In determining in any case whether the statute of limitations forms a bar, the forbearance of the creditor to sue, by reason of the poverty of the person liable, is never to be taken into the account. By the statute, giving a remedy like the one sought in this case, no such provision was in the contemplation of the legislature. If it had been, they would, undoubtedly, so have expressed themselves. On the contrary, the liability created is instantaneous, upon having occasioned the expenditure; and the limitation must begin to run accordingly. As the statute provides, that the limitation shall extend to all actions of the case, and as this is an action of the case, it would be exercising an undue latitude of construction to determine that it did not come within the purview of the statute. The plaintiffs therefore must become nonsuit.