143 So. 553

### CRAIG et al. v. SWADER et al.

### 7 Div. 120.

Supreme Court of Alabama.

Oct. 6, 1932.

C. A. Wolfes, of Ft. Payne, and J. Wiley Logan, of Birmingham, for appellants.

Haralson & Son, of Ft. Payne, for appellees.

ANDERSON, C. J.

Statutory ejectment for land. Parties claim under a common source, one Sharpe; plaintiffs under deed from said Sharpe, and defendants under tax deed, and the validity of said tax deed is the one and main question in this case.

The short statute of limitations is not presented or involved, and, regardless of the prima facie recitals of the deed, the undisputed evidence shows that the notice of sale designated the land in beat or precinct 9, when, as a fact, it is located in 21. True, the description as per sectional subdivisions of the land was given, and ordinarily this might cure the error as to the precinct, but we cannot say that such was the case in the present instance, as the lawmakers, in the enactment of section 251 of the Act of 1919, p. 356, must have had a good reason for requiring that in the notice of sales of real estate for taxes the precinct in which the property is situated should be given. The purpose of the notice is to apprise the owner that his property will be sold for taxes, and the average man, in looking at the published notice of tax sales, will naturally look first to the beat or precinct in which his property is located, and, if it is not found under the head of said beat or precinct, will doubtless not go through the entire and perhaps lengthy list to ascertain by sectional description if his property is included. It has been the universal holding of this court that statutes governing tax sales must be strictly construed when it involves the divestiture of the title of the true owner.

Section 240 of the act (page 352) requires that the tax collector must report that he was unable to collect the tax assessed against the land, and that a sale of same is necessary to collect the tax. This does not appear to have been done, and a failure to do so was fatal to the validity of the sale. Pollak v. Milam, 190 Ala. 569, 67 So. 381.

The appellant has suggested other defects in connection with the tax sale, but, as the ones heretofore discussed are fatal to the

defendants' title, it is unnecessary to discuss other questions.

The trial court erred in not excluding the tax deed and in giving the general charge for the defendants, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.