53 So.2d 562

**CASE v. CONSERVATION & LAND CO., Inc.**

**I Div. 376.**

Supreme Court of Alabama.

May 24, 1951.

Rehearing Denied June 28, 1951.

Theodore J. Lamar, Citronelle, Jere Austill, Mobile, and Rushton, Stakely & Johnston, Montgomery, for appellant.

Hamiltons & Denniston and Johnston, McCall & Johnston, Mobile, for appellee.

**LAWSON, Justice.**

This proceeding was instituted in the circuit court of Mobile County, in equity, on December 29, 1948, by A. B. Case against Conservation and Land Company, Inc., a corporation. Demurrer was sustained to the original bill. The bill was amended, demurrer was sustained to the bill as amended, and as amended the bill was dismissed. From that decree the complainant, A. B. Case, has appealed to this court.

The bill as amended sought (1) redemption from a tax sale; (2) foreclosure of a vendor's lien; and (3) extension of a receivership.

Demurrer was addressed to the bill as a whole and to its several aspects. In its decree the trial court sustained the demurrer to the bill as a whole and to the several aspects thereof without specifying the ground or grounds which were considered well taken.

A demurrer is a single entity and if any ground of the demurrer going to the bill as a whole was well taken, the decree of the trial court must be sustained. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779. In that event a consideration of the grounds of demurrer addressed separately to the several aspects of the bill need not be entertained.

Among the grounds of demurrer going to the bill as a whole are several which take the point that all the relief sought is shown by the averments of the bill and the exhibits thereto to be barred by the rule of prescription of twenty years. Code 1940, Tit. 7, § 19.

The bill as amended, with its numerous exhibits, is very long and involved. In stating the case made by the bill, we will set out only those averments which we think necessary to an understanding of the conclusion reached.

Broadly speaking, the subject of the controversy is a large number of acres of land in Mobile County. On March 8, 1913, T. B. Pace executed a deed wherein he conveyed 4,280 acres of land in Mobile County to Gulf Coast Fruit Farms Company, an Alabama corporation, for a recited consideration of $51,361, only $1 of which was paid upon the execution of the conveyance. The remainder of the purchase price was evidenced by seven promissory notes, the last of which became due and payable on March 8, 1919. By the terms of the conveyance T. B. Pace retained a venor's lien on the land. In the said deed it was stipulated: "* * * that so long as the party of the second part [Gulf Coast Fruit Farms Company] is not in default in any of the payments herein secured, it may upon paying him [T. B. Pace] fifteen dollars ($15.00) per acre for each and every acre sold, sell from time to time, any portion of the above described land. Any payment made under this provision, shall be credited on the note of the party of the second part, next maturing, after such payment, is made, and upon such payment being made, the party of the first part, will execute and deliver a written release of his vendor's lien on the land so sold. But each payment shall be for not less than ten (10) acres, and the party of the first part shall not be required to release, except in lots of not less than ten (10) acres in each forty acres herein conveyed."

This instrument was recorded on May 13, 1913.

Beginning on June 9, 1913, and continuing until December 3, 1919, T. B. Pace

released approximately 1,210 acres of land from the vendor's lien. As to payment therefor, the bill avers: "* * * at the rate of $15.00 per acre, as provided in said deed there should be and was paid on said indebtedness the sum of, to-wit, $18,-150.00 prior to October 4, 1922. * * *"

That portion of the land included in the conveyance from T. B. Pace to Gulf Coast Fruit Farms Company which is involved in this proceeding was sold for nonpayment of taxes on April 17, 1921. The State was the purchaser at the tax sale.

On April 17, 1925, the State conveyed its interest in the lands purchased at the tax sale of April 17, 1921, to one J. F. Nall. The respondent here, Conservation and Land Company, Inc., claims title to the lands in controversy by mesne conveyance through the said J. F. Nall. From aught appearing in the bill, J. F. Nall and those claiming under him have been in possession of the land continuously since he purchased it on April 17, 1925. The interest of respondent in the lands here involved is thus made to appear.

But what is the interest of the complainant? He comes into the picture in the latter part of 1948, a short time before he instituted this proceeding. T. B. Pace, the grantor in the deed of March 8, 1913, in which Gulf Coast Fruit Farms Company is the grantee, died in 1929. Complainant, A. B. Case, avers that the debt owed by Gulf Coast Fruit Farms Company to T. B. Pace had not been paid at the time of the latter's death; that the vendor's lien and the debt secured thereby became vested, upon the death of T. B. Pace, in his legal heirs, subject to administration; that he, A. B. Case, by virtue of certain assignments from the heirs of T. B. Pace, from his administrator and the administrator and heirs of one of the heirs of T. B. Pace, is now the owner of the debt secured by the vendor's lien, which debt has not been paid. The said assignments were executed in September and December, 1948. They recited a consideration of $10 and other good and valuable considerations. In these assignments the grantors therein transfer, assign, set over, sell and convey "all right, title and interest in and to that certain Vendor's Lien retained in the deed from T. B. Pace to Gulf Coast Fruit Farms Company recorded in Deed Book 158 at page 452, of the Probate records of Mobile County, Alabama, together with our interest in the debt, notes and lands described in and secured thereby, unto A. B. Case. This assignment is without warranty. * * *"

So it appears that complainant, by this bill filed in 1949, is claiming a vendor's lien on the lands here involved to secure a debt due T. B. Pace, which debt complainant now claims to own, and which debt became due and payable not later than March 8, 1919; and, construing the bill most strongly against the pleader, the last payment on that debt was made no later than December 3, 1919, the day on which the last release was executed. In so far as this bill discloses, no claim that the debt had not been paid was ever asserted by T. B. Pace, his heirs or administrator.

Complainant sought to excuse this delay by averring: "* * * that the respondent cannot be heard to say that the right asserted by complainant is barred by the Statute of Repose, or the 20 year statute, nor can he heard to say complainant and those through whom he claims title are guilty of laches, for that from October 4, 1922, when said cause 3490 was filed in this Court, until to-wit, December 17, 1941, when said Receiver was discharged, in said cause number 3490, in this court, the Statute of Limitations was suspended and in favor of the holders, or holder, of the said vendor's lien, which hereinabove is set out and described, all of which the respondent herein had notice when it sought to secure title under said tax proceedings."

Cause 3490, referred to in that part of the bill last quoted above, was a suit filed in the circuit court of Mobile County, in equity, on October 4, 1922, by one A. J. Maier and others against Gulf Coast Fruit Farms Company seeking, among other relief, to have said company put in receivership. On October 6, 1923, a decree pro confesso was entered for the failure of respondent to answer interrogatories. Thereafter, on October 29, 1923, a final

decree was entered in that proceeding, wherein it was decreed among other things that said company was insolvent and a receiver was appointed. On May 25, 1931, an order was entered dismissing for want of prosecution the proceeding instituted by Maier and others against Gulf Coast Fruit Farms Company. This order of dismissal stood until December 8, 1941, when it was set aside on motion of the receiver on the ground that it was erroneously entered, a final decree in the cause having been entered on October 29, 1931. On December 12, 1941, the receiver filed a petition seeking authority to sell to one C. R. Shannon for the sum of $100 all the interest which Gulf Coast Fruit Farms Company had in certain real estate, which real estate, in so far as we can determine, did not come to said Gulf Coast Fruit Farms Company from T. B. Pace under the deed of March 8, 1913. On the same day a decree was entered granting the prayer of the petition. On December 13, 1941, the receiver made a report to the court wherein it was shown that the sale had been made to Shannon for the sum of $100, out of which sum certain costs were paid and the balance was paid to the attorneys for the receiver. This report also averred: "Your Receiver further shows that he has never received any other assets of said defendant and that there are no other assets and that there is no necessity for further continuance of said receivership, and he hereby prays that the acts of said Receiver, reported herein be ratified and confirmed and that he be discharged as Receiver aforesaid." On December 17, 1941, a decree was entered ratifying and confirming the report of the receiver and he was discharged from further duties and liabilities.

We can see no reason to set forth here the averments of the bill in detail as they relate to complainant's alleged right to redeem from the tax sale and to have the receivership extended. Suffice it to say that, as we understand the bill and briefs filed here on behalf of appellant and statements made in oral argument, all the relief sought is hinged on the averments that at the time of the filing of the bill he had a vendor's lien on the lands here involved.

Complainant, of course, had no vendor's lien if the debt secured thereby had been paid and discharged. In Goodwin v. Baldwin, 59 Ala. 127, 128, Justice Stone, writing for the court, said: "In McArthur v. Carrie's Adm'r, 32 Ala. 75 [70 Am.Dec. 529], the question of lapse of time and long acquiescence was pretty fully considered. Many authorities were cited, and some of them commented on. The principle then asserted has been followed, and has become a rule of decision in this court. See Austin v. Jordan, 35 Ala. 642; Coyle v. Wilkins, 56 Ala. 108. The substance of the principle is, that if parties allow twenty years to elapse without taking any steps to compel a settlement, or to assert rights of property, the presumption of payment, or settlement of the disputed title arises. We have no disposition to re-examine the grounds on which that principle rests."

This rule has been followed in many of our cases. Some of them are: Philippi v. Philippi, 61 Ala. 41; Garrett v. Garrett, 69 Ala. 429; Solomon v. Solomon, 83 Ala. 394, 3 So. 679; Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265; Gay v. Fleming, 182 Ala. 511, 62 So. 523; Spencer v. Hurd, 201 Ala. 269, 77 So. 683, 1 A.L.R. 761; Graham v. Graham, 205 Ala. 644, 89 So. 25; Scott v. Scott, 202 Ala. 244, 80 So. 82; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Hendley v. First National Bank of Huntsville, 234 Ala. 535, 176 So. 348, on rehearing, 235 Ala. 664, 180 So. 667.

In Snodgrass v. Snodgrass, 176 Ala. 276, 280–281, 58 So. 201, 202, it is said "the concensus of opinion in the present day is that such presumption is conclusive," and quoting from an earlier case: "* * 'the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dorment claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, "and relieves

50

courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible." ' "

 The receivership proceedings did not operate to toll the running of the period of prescription.

In Wilkerson v. Wilkerson, supra, it was said of the rule of prescription or repose, as it is sometimes called:

"The rule now creates a conclusive bar, Roach v. Cox, supra [160 Ala. 425, 49 So. 578]; Oxford v. Estes, 229 Ala. 606, 158 So. 534, and is not affected by the circumstances of the situation, that is to say, whether truth and justice are thereby obscured, or by the death of parties or destruction of testimony, and conduct based upon the apparent situation, or the age, state of mind, or status of responsibility. *These are circumstances which are considered in respect to laches but not prescription. * * * * * * * *

"So that on this question, it is immaterial that complainant has been all the time insane, and not subject to the statute of limitations, nor to the claim of laches; nor that Lula Lee, who was the apparent wife of decedent for twenty-nine years, may have known that the decree was fraudulent." (Emphasis supplied.) 230 Ala. 571–572, 161 So. 822.

To like effect see Harrison v. Heflin, 54 Ala. 552; Roach v. Cox, 160 Ala. 425, 49 So. 578; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Courson v. Tollison, 226 Ala. 530, 147 So. 635.

Several cases from other jurisdictions are cited by counsel for appellant to the effect that the appointment of a receiver for an insolvent corporation suspends the running of the statutes of limitations. Assuming that we would apply the rule in cases where the statutes of limitations are sought to be invoked, that is not the situation here. We are here dealing with the rule of prescription which, as before shown, creates a conclusive bar.

 Under the averments of the bill, much more than twenty years had expired from the day on which the debt became due, or the last payment thereon was made, before any effort to enforce payment of the debt was asserted. It appears, therefore, that under the rule of our cases the debt is presumed to have been paid. Hence, complainant has no vendor's lien and, as before pointed out, his right to relief was based exclusively on the existence of such a lien.

The grounds of demurrer taking the point that the bill shows that all the relief sought is barred by the rule of prescription of twenty years were well taken. The demurrer to the bill as a whole was properly sustained.

No complaint is made in briefs filed here on behalf of appellant as to the action of the trial court in dismissing the bill after demurrer was sustained to the amended bill.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.