105 So.2d 108

**Z. C. ORSO, Jr.**

v.

**J. B. CATER et al.**

**I Div. 775.**

Supreme Court of Alabama.

Sept. 11, 1958.

Scott & Porter, Chatom, for appellant.

Hurst & Williams, Chatom, for appellees.

MERRILL, Justice.

Appeal from a decree overruling demurrer to the amended bill of complaint.

Appellees filed a bill of complaint praying that an injunction issue against appellant, restraining him from cutting or removing any timber from certain described lands, and prayed that title to the lands be quieted in appellees, that appellant's deed be removed as a cloud on the title of appellees, and for general relief.

The trial court sustained a demurrer to the original bill on the ground that the description of the land was vague, indefinite and uncertain. The land in the original bill was described as Fractions E, F, and SE ¼ of SW ¼ of Section 48, T. 3N., R. 1 E., in Washington County, Alabama, having belonged to Thomas Bradford, except two parcels conveyed by Thomas Bradford, being 15 acres in SE ¼ of SW ¼ said section, township and range conveyed to Mollie E. Smith by warranty deed dated March 27, 1912 recorded in Deed Book 6, page 15 and more particularly described in said deed; and 6 acres in Fraction F said section township and range, "the deed of said six acres from Thomas Bradford does not appear of record but it is believed that said six acre parcel is correctly described in that certain deed from J. B. Smith to Willis Chastang, dated February 27, 1908 and recorded in Deed Book 11, page 319."

The trial court in sustaining the demurrer stated that "the setting out of the book and pages where the two deeds * * * are recorded does not make them a part of the bill."

Appellees amended their bill by adding Exhibits A and B, being copies of the deeds previously designated by reference. Appellant refiled demurrer with additional grounds and it was overruled.

There is no question about Exhibit A to the bill. It correctly describes a fifteen acre exception, but the question for decision on this appeal is the adequacy of the description as to the six acre exception. It is described in Exhibit B as "6 acres of land in sub-division H, of Section Forty-eight 48, described as follows:" (metes and bounds description). That immediately brings a conflict between the allegation and the exhibit. The allegation shows 6 acres in Subdivision F, while the Exhibit puts the parcel in Subdivision H. This

**132**

conflict certainly leads to uncertainty as to the specific lands to which title is to be quieted and on which appellant is to be enjoined from cutting timber.

■ The rule with regard to certainty of description in a bill to quiet title under Tit. 7, § 1110, Code 1940 is stated in Wise v. Masse, 239 Ala. 559, 196 So. 275, 277:

> "This court is committed to the proposition that, in order to meet the requirements of the statute—Section 9906 of the Code—(now Tit. 7, Section 1110)—with respect to 'certainty' in the description of the lands in a bill to quiet title, the description given in the bill must be of a character sufficiently certain not only to identify the lands at the present time but always hereafter. The decrees in such cases are not intended to be presently executed, but are 'to stand for all time as muniments of title.'"

Appellee candidly admits that the land in Exhibit B should have been described in the deed as being in subdivision F instead of H. His counsel states that the recorded deed shows subdivision F, but an error in copying the deed made it H and the error was not detected until this appeal.

As already noted, the bill, as amended, correctly describes two parcels, Fraction E, and the SE ¼ of SE ¼ less the 15 acre exception. The only uncertainty is the 6 acre exception in Fraction F.

The following from Inge v. Demouy, 122 Ala. 169, 25 So. 228, 229 is in point and dispositive of the question on this appeal:

> " * * * The description, in order to meet the requirements of the statute, should have been of a character sufficiently certain to identify the lot always hereafter, in its muniments of title. The landmarks employed, we apprehend, fall short of that certain, continuous identification of the property which is necessary. The descriptions of the other two lots seem to be sufficiently certain. They are enduring.— Ward v. Janney, 104 Ala. 122, 16 So. 73.

> "But, as stated, the demurrer went, to the whole bill, in which two lots were, and the third was not, well described; and was, therefore, properly overruled.—George v. Central Railroad & Banking Co., 101 Ala. 607, 14 So. 752; Durling v. Hammar, 20 N.J.Eq. 220; 1 Daniel Ch. Pl. & Pr., § 583; 6 Ency. Pl. & Pr. 418; Story's Eq. Pl., §§ 443, 693."

■ Here, also the demurrer went to the whole bill and was properly overruled. All the grounds of demurrer which attack the description contain words similar to those in ground 17 which reads: "For that the description of the lands described in the bill as last amended is vague, indefinite and uncertain." No ground particularizes the uncertainty of the description of the lands in Fraction F.

■ In addition, the demurrer was properly overruled because the description in the exhibit controls. Even though one lot was erroneously described in Exhibit B, that was a matter of defensive pleading. The verity of exhibits to a bill is taken as true on demurrer, and when averments of a bill are contradictory of the exhibits thereto, recitals in the exhibits take precedence and control. Pacific National Fire Insurance Co. v. Watts, 266 Ala. 606, 97 So.2d 797, and cases there cited. It follows that the decree of the trial court should be affirmed.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.