143 So.2d 171

**STATE of Alabama et al.**

v.

**Joseph P. MUDD.**

**6 Div. 750.**

Supreme Court of Alabama.

June 14, 1962.

Rehearing Denied July 12, 1962.

Sirote, Permutt, Friend & Friedman and S. A. Baker, Birmingham, for appellee.

MacDonald Gallion, Atty. Gen., and Wm. H. Burton, Asst. Atty. Gen., for the State.

John S. Foster, Birmingham, for Jefferson County.

J. M. Breckenridge, Birmingham, for City of Birmingham.

MERRILL, Justice.

This appeal is from a decree sustaining appellee's demurrer to a bill of complaint

filed jointly by State of Alabama, Jefferson County and the City of Birmingham, and dismissing the bill.

The bill of complaint alleges that certain lands assessed to appellee were sold for the nonpayment of ad valorem taxes levied in 1932, payable on October 1, 1932, and which became in default on January 1, 1933. The bill alleges that the customary procedure was taken and the lands were advertised and sold. The State purchased the lands for $1,737.24 on November 20, 1933, and the certificate was delivered by the probate judge to the tax collector, who, in turn, delivered it to the State Auditor.

It is alleged that at various times since then, the State has undertaken to sell one or more parcels of the land and that appellee, upon learning of the identity of the prospective purchasers, has threatened the purchasers with harassment, damage suits and other litigation if they acquired the land by purchase from the State. It is alleged that appellee has continued to collect rent from the lands while paying no taxes thereon since the sale in 1933.

The bill alleges that on September 24, 1954, the tax collector of Jefferson County certified that taxes on the lands were delinquent and the judge of probate made a decree ordering appellee to appear and show cause why a decree of sale of the land for the nonpayment of 1932 taxes should not be entered. Appellee objected to the sale on the ground that the lands had already been sold to the State in 1933, and that the sale had never been cancelled or set aside. The probate court considered the objection well taken and denied the petition to sell the land for 1932 taxes.

The bill also alleges that appellee contends that the tax sale conducted in 1933 was invalid and void and charges that appellee is judicially estopped to deny the validity of the tax sale in 1933 because he had used that tax sale as a means of stopping the sale in 1954.

The bill alleges that there is subsisting an actual controversy between the parties on which substantial property rights are dependent. It is alleged that three parcels of the lands involved have been redeemed by persons other than the appellee.

The bill prays for a declaratory judgment, stating that appellee is judicially estopped to deny the validity of the tax sale of November 20, 1933, and that complainants have a good tax title to the lands, other than those redeemed, clear of any claim or interest in or to the appellee, except for appellee's right to redeem.

Among appellee's grounds of demurrer were (1) no equity in the bill, (2) it affirmatively appears on the face of the bill that the alleged tax sale in 1933 was void, and (3) the appellants are barred by the rule of prescription from asserting any rights.

The circuit court rendered a decree which sustained appellee's demurrer to the bill of complaint as to the county, city and state and dismissed as to them, subject to modification if the state amended the bill in such a manner as to negative the defense of prescription.

The foregoing is a very concise condensation of the bill, which with the exhibits comprise 47 transcript pages, and the opinion and decree of the trial court fill 30 transcript pages.

The decree treats of many questions, but the court held that the demurrer should be sustained to the bill as a whole on the ground that the bill showed on its face that the purported tax sale was void and the action was barred by the prescriptive period of twenty years, and dismissed as to all three complainants, but dismissed as to the State subject to modification upon the filing by the State of an amendment "sufficient to negative the defense of prescription."

In view of the fact that we concur in the action of the trial court, it is necessary to discuss only the ground upon which the demurrer was sustained, because a demurrer is an entity and should be sustained if any ground shows a good reason for doing so; and if any ground is well

taken, the action of the trial court in sustaining the demurrer will be upheld. Prather v. Ray, 258 Ala. 106, 61 So.2d 46; Hammons v. Hammons, 228 Ala. 264, 153 So. 210.

We dispose of the question of deciding a bill for declaratory judgment on demurrer by saying that on oral argument it was agreed by the parties that there was no objection to this action by the trial court. Darling Shop of Birmingham v. Nelson Realty Co., 255 Ala. 586, 52 So.2d 211.

The respondent argued many grounds of demurrer that the bill and the exhibits thereto showed that the purported tax sale in 1933 was void. We discuss the one deemed most important by the trial court. Actually, the State's brief only claims that "there was a substantial compliance" with the statutory requirements attending the sale of land for taxes. More than this is required. In Craig v. Swader, 225 Ala. 366, 143 So. 553, this court, in applying the same 1919 Act under which the lands in the instant case were sold, said:

"*  *  *  It has been the universal holding of this court that statutes governing tax sales must be strictly construed when it involves the divestiture of the title of the true owner.

"Section 240 of the act (page 352) requires that the tax collector must report that he was unable to collect the tax assessed against the land, and that a sale of same is necessary to collect the tax. This does not appear to have been done, and a failure to do so was fatal to the validity of the sale. Pollak v. Milam, 190 Ala. 569, 67 So. 381."

■ Although the bill alleges that "the said tax collector reported to the said Probate Judge his inability to collect said taxes from said taxpayer without a sale of said real estate or taxpayer's interest therein," the exhibits attached to the bill do not so show. The allegation would have been sufficient; but attaching contradictory exhibits destroys the sufficiency. The verity of exhibits to a bill is taken as true on demurrer. When the averments of a bill are contradictory of the exhibits thereto, recitals in the exhibits control. Orso v. Cater, 268 Ala. 130, 105 So.2d 108; Pacific National Fire Insurance Co. v. Watts, 266 Ala. 606, 97 So.2d 797, and cases there cited. We agree with the trial court that from the bill and the exhibits, the jurisdiction of the Probate Court to sell the lands for taxes does not affirmatively appear, and that the tax sale was void.

That brings us to the question of prescription. The bill shows on its face that the taxes for 1932 were not paid, that the appellee's interest in the lands was sold to the State in 1933, and that no steps of any kind were taken to collect those taxes until 1954, twenty-one years later.

■ There is no question but that the prescriptive period applies to municipal corporations. In Mott v. Helmes, 246 Ala. 331, 20 So.2d 461, the suit sought to enforce, in equity, liens securing sewerage assessment bonds issued by the Town of Luverne. The appeal was from a decree sustaining the demurrer to the bill. This court said:

"The questions of stale demand, twenty-eight years from time of collection of the final assessment, and default, barred by the lapse of twenty years without recognition of the debt are raised by demurrer.  *  *  *

*     *     *     *     *     *

"In Hendley et al. v. First Nat'l Bank, 235 Ala. 664, 180 So. 667, 668, the rule established by twenty years period of prescription, as a rule of repose, creating a conclusive bar beyond which courts will not inquire, was considered and declared.

*     *     *     *     *     *

"In Downing v. City of Russellville, 241 Ala. [494] 495, 3 So.2d 34, 41, the statute of 1932, p. 273, and Code 1940, Tit. 37, § 543, were considered, say-

ing that: 'This Act, it seems, is to protect the lien of local assessments against the running of statutes of limitation, &c., as well as a further assurance that the lien shall continue in force until paid.' But that does not militate against the principle that up to twenty years from default on the due date, or the date when there was a due recognition of the continuance of the indebtedness, that indebtedness is conclusively presumed to be paid.

"It follows, that we hold as to the Luverne Bonds, they were issued under the controlling effect of Section 1411 of the Code 1907, and the bar of twenty years may be pleaded to defeat the collection of the debt under the pleading before us. * * *"

We note that the court held that the doctrine of prescription invoked by demurrer prevented recovery even though the stat- ·ute under which the Luverne bonds were issued provided that the liens and assessments thereunder "shall stand as security for such bonds and coupons *until they are paid.*" [Emphasis supplied].

As early as Miller v. State, 38 Ala. 600, we said that the principle, nullum tempus occurrit reipublicae (time does not run against the commonwealth or state), does not apply to the political subdivisions of the State.

In Perry County v. Selma, Marion & Memphis R. Co., 58 Ala. 546, 569, it was said:

"We concede that a county, suing or being sued, is not exempt from the operation of statutes of limitation, which cover the action sought to be enforced. They are not privileged from suit, under the principle, that 'time does not run against the sovereignty.' They are not the State.— See Miller v. The State, Use, Etc., 38 Ala. 600; Kennebunkport v. Smith, 22 Me. 445; Armstrong v. Dalton, 15 N.C. 568; Lessees &c. v. First Pres. Ch.,

8 Ohio 299, 32 Am.Dec. 718. But we have no statute of limitations which covers this case.—See Art. 1, Ch. 20, Tit. 1, Part 3, Code of 1876, §§ 3223 to 3231. And section 392 of the Code goes very far to show that there was intended to be no bar against the liability to pay taxes, short of the twenty years presumption of payment."

The City of Birmingham argues that Sec. 100 of the Constitution prohibits a holding that the 1932 taxes are lost on this property. Sec. 100 provides:

"No obligation or liability of any person, association, or corporation held or owned by this state, or by any county or other municipality thereof, shall ever be remitted, released, or postponed, or in any way diminished, by the legislature; nor shall such liability or obligation be exchanged or transferred except upon payment of its face value; provided, that this section shall not prevent the legislature from providing by general law for the compromise of doubtful claims."

We cannot agree. In Covington County v. O'Neal, 239 Ala. 322, 195 So. 234, a case decided on the pleadings, the county contended that our statute of non-claim, Sec. 5815, Code 1923 (Tit. 61, § 211, Code 1940) was ineffective because in conflict with Sec. 100 of the Constitution. This court held that Sec. 100 "does not affect the power of the Legislature to provide for limitations in the interest of repose. This power may be applied against the state and its agencies notwithstanding § 100 of the Constitution."

Our cases hold that if parties allow twenty years to elapse without taking any steps to compel a settlement, or to assert rights to property, the presumption of payment, or settlement of the disputed title arises. And this presumption is conclusive, and is not affected by the circumstances of the situation, as is considered in the case of laches. Case v. Conserva-

tion & Land Co., 256 Ala. 46, 53 So.2d 562; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Oxford v. Estes, 229 Ala. 606, 158 So. 534; Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201; Roach v. Cox, 160 Ala. 425, 49 So. 578; Philippi v. Philippi, 61 Ala. 41.

■ The county and the city were barred by the prescriptive period of twenty years from attempting to collect the 1932 taxes.

■ The other joint complainant, the State, has a right to "sue in the circuit court in equity matters, and the suit is governed by the same rules as suits between individuals." Tit. 7, § 292, Code 1940. Here, all three complainants are bound by the allegations and exhibits of the bill. In paragraph 6 of the bill, it is alleged that the respondent Mudd, "upon being advised of the identity of the prospective purchaser or purchasers, has on diverse occasions threatened the said prospective purchasers with harassment, damage suits and other litigation if the said purchasers acquired the said lands or the respective interests therein by purchase from the State of Alabama, and the said Mudd has thereby prevented the State of Alabama from selling the said lands or interests therein and has thereby prevented the State of Alabama, Jefferson County, the City of Birmingham, and the public schools from receiving revenue from the sale of the said lands or interests therein as they have the right to do under the law of the State of Alabama; and the said Mudd, while threatening and intimidating prospective purchasers as aforesaid, has continued to collect rents from the lands, while paying no taxes upon the said lands or any interest therein, following the sale of the lands or interest therein as aforesaid during November, 1933, all contrary to equity, good conscience and the public interest."

■ Construing the pleading more strongly against the pleader, these allegations show notice to all complainants of appellee's claims, acts of possession, and failure or refusal to pay any taxes on the property since 1932, and for aught appearing, the complainants have had knowledge of these adverse claims and behavior since 1933. Therefore, under this pleading and the present posture of the case, we are constrained to hold that the State also is barred by the doctrine of prescription. We are not to be understood as holding that the prescriptive period of twenty years applies in all cases against the State, but under the bill of complaint signed by the State in this cause, the demurrer was properly sustained.

We have already noted that the trial court modified the dismissal as to the State if it should file an amendment "sufficient to negative the defense of prescription."

This opinion is not to be construed as deciding the number of years prior to the present that the State, county and city have a lien for back taxes other than the lien cannot extend past the prescriptive period. The lower court did not try to pass upon that question nor do we. We merely hold that the failure to try to collect the 1932 taxes until 1954, and 1957, when the present bill was filed, was, under the allegations of this bill before us, subject to demurrer on the ground that it showed on its face that the claim for 1932 taxes was barred by the prescriptive period, and the bill was properly dismissed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.

On Application for Rehearing.

MERRILL, Justice.

Appellants insist that even though the sale in 1933 for 1932 taxes was void, and although the collection of the 1932 taxes is now barred by prescription, it still was error to dismiss the bill. It is contended that appellants are left without a remedy and they are out of court, because "Being

out of court, it (City of Birmingham) cannot enforce its lien for any of the years set out in the Bill of Complaint even as to those years which do not extend back past the prescription period. Should the City file another and new bill in this matter it would be met with a plea of res judicata since a lien for each of said years was claimed in this case and the complaint was dismissed."

While we can understand appellants' concern, and consequently are extending the opinion, we cannot agree that the enforcement of a lien for taxes was an issue in this case. It is true that the prayer does ask for certain relief, but the mere asking for impossible relief neither gives a bill equity nor makes an issue of the relief requested.

Paragraph B and part of paragraph C of the prayer read:

"If your Complainants are mistaken in the relief to which they are entitled under the foregoing prayer, then they pray, in the alternative, that your Honor determine the amount of taxes that are due to Complainants by the Respondent and order and direct the Register of this Court to foreclose the lien securing the same by advertising said lands for sale in all respects by law required.

"If your Complainants have misconceived the relief to which they are entitled under Paragraph A of their prayer, then they and each of them, in the alternative, pray that the amount of the lien securing the taxes for each of said years subsequent to the tax year 1932 for the State and Jefferson County and subsequent to the tax year 1933 for the City of Birmingham, be determined by this Court, * * * ."

These parts of the prayer clearly seek something other than judicial relief. The circuit and appellate courts are not authorized by any law—common or statutory, to assess property for taxation or to declare a lien for taxes when no amount is claimed.

Their function in this field is merely that of judicial review.

Here, the whole contention of appellants was that the 1933 sale was not void, and that title to the property had been in the State since that time. We held that the bill and exhibits thereto showed that the appellants had known that appellee was claiming the lands, was claiming that the 1933 sale was void, was exercising ownership and acts of possession and was failing to pay taxes' on the property, but knowing all these things, they took no steps to rectify the situation for over twenty years and were barred from attempting to collect the 1932 taxes by the doctrine of prescription.

The prayer for general relief in the bill was not sufficient to invoke action because there has been no assessment of the property since 1932, and there is no valid assessment of it which is subject to review, either in the circuit or this court.

The attempt to make the amount of the tax lien an issue in the case, or to get the court to determine the amount of taxes due over any period of time, failed because those matters are not determined in the circuit or the appellate courts, and the public officials having the exclusive control over those matters are not parties to this suit.

To lay at rest the question of res judicata in the event future proceedings may be instituted to collect back taxes, we hold that the matter of the lien for taxes or the determination by the court of taxes due prior to their assessment by the proper authorities were not issues in this case and were not matters which could have been litigated in this suit, and the dismissal of the instant suit is not res judicata if proper action is taken to assess and collect such taxes as may be due.

Application for rehearing overruled.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.