MADDOX, Justice.
This appeal is from a summary judgment granted in favor of plaintiff Pauline G. Ritchey on the ground that the State of Alabama and the State Land Commissioner were barred by the doctrine of prescription from conveying to defendant Roger Sam-mons, in 1983, any interest in real estate resulting from a lien acquired by the state at a tax sale for back taxes in 1931. We affirm.
In August 1983, the Alabama Department of Revenue published an advertisement in the Central Alabama Independent Advertiser giving notice that the State of Alabama wished to sell all the property in Chilton County that had been purchased by the State for non-payment of ad valorem taxes and which had not been redeemed by the owner. That advertisement listed each parcel of land by the date it had been sold to the State of Alabama, giving a legal description of each parcel and giving the name of the owner of the property at the time of the original tax sale. The owner, in the present case, at the time of the original tax sale in 1931, was Merchants and Miners Bank. Pauline G. Ritchey, appellee here, was not named in the notice as owner. Applicants had to submit a single bid for all properties in the county which were being sold. Roger Sammons submitted a bid and the State of Alabama conveyed by deeds all of its right, title, and interest in each parcel, including the parcel made the basis of this lawsuit, which was the NW ¼ of the SE ¼ and the SW lk of the NE ⅜⅛ Section 13, Township 24, Range 13, Chilton County, Alabama.
In its summary judgment, the trial court stated as follows:
“This Court is of the opinion that the Motion for Summary Judgment is due to be granted based upon the theories advanced by Plaintiff that the tax deed relied upon by the Defendant is null and void as a matter of law. The facts surrounding the validity vel non are not in dispute and admitted by both parties in their pleadings and in their arguments in Open Court. Accordingly, the Court finds as follows:
“1. By deed recorded in Volume 326, Page 477 as recorded in the Probate Office of Chilton County, Alabama, Hardin M. Ritchey and wife, Plaintiff Pauline G. Ritchey, acquired title to the subject property by warranty deed from George Roebuck and wife, Helen Roebuck, said deed being dated February 5, 1957, and filed for record on the 6th day of February, 1957.
“2. That Hardin M. Ritchey conveyed his interest in the subject property to Pauline G. Ritchey on November 15, 1972, as shown by that deed recorded in Book 588, Page 241 in the Probate Office of Chilton County, Alabama, filed for record on the 17th day of November, 1972.
“3. Plaintiff and/or the Plaintiff and her husband, Hardin M. Ritchey, have assessed and paid the ad valorem taxes for over twenty years and are presently assessing and paying the ad valorem taxes.
“4. The Defendant’s claim to the property in question is based solely upon that certain State Land Commissioners Deed from the State Land Commissioner of Alabama to Roger E. Sammons dated November 16, 1983, and filed for record in Book 675, Page 450 in the Probate Office of Chilton County, Alabama, on the 21st day of December, 1983. A copy of the State Tax Deed is attached to the Complaint as Exhibit C and indicates that the deed was executed pursuant to a tax sale occurring on August 3, 1931, and further indicating that the purchaser paid a sum of $27.00 as a purchase price.
“5. The Court finds that both counsel have admitted in Open Court that the facts contained in paragraphs 1 through 4 above are true and correct.”
*411 The trial court found the sale to Sam-mons void because, first, the State waited 52 years to execute its tax deed, and second, because Ritchey, as owner of the property, was not given notice of the tax sale.
The trial court relied upon State v. Mudd, 273 Ala. 579, 143 So.2d 171 (1962), in support of its holding that the sale by the State to Sammons was barred by prescription.
In Mudd, the State of Alabama, Jefferson County, and the City of Birmingham brought suit against the original owner of lands, which had been sold at a tax sale for 1932 taxes, for a judgment declaring that the owner was judicially estopped to deny the validity of the original tax sale, and that the state, county, and city had good tax title to the lands free and clear of any claim or interest of the owner, except for his right to redeem. This Court, speaking through Justice Merrill, held that the tax sale was void and that the state, county, and city were barred by prescription because each had notice of Mudd’s adverse claims and behavior for 21 years and took no action.
Sammons contends that Mudd has no application in the present case because here the State had no notice of the claims by Ritchey; however, the evidence in the record is undisputed that Ritchey or her husband paid the taxes on the property each year from 1957 to the time she filed her complaint. We are of the opinion that this fact constitutes sufficient evidence to show that Ritchey claimed an interest in the land adverse to that of the State. Furthermore, the State waited 52 years before it attempted to sell the property to collect taxes due for 1931. The facts here are sufficient for the application of the doctrine of prescription. In Mudd this Court discussed the prescription doctrine, as follows:
“That brings us to the question of prescription. The bill shows on its face that the taxes for 1932 were not paid, that the appellee’s interest in the lands was sold to the State in 1933, and that no steps of any kind were taken to collect those taxes until 1954, twenty-one years later.
[[Image here]]
“The county and the city were barred by the prescriptive period of twenty years from attempting to collect the 1932 taxes.
“The other joint complainant, the State, has a right to ‘sue in the circuit court in equity matters, and the suit is governed by the same rules as suits between individuals.’ Tit. 7, § 292, Code 1940. Here, all three complainants are bound by the allegations and exhibits of the bill. In paragraph 6 of the bill, it is alleged that the respondent Mudd, ‘upon being advised of the identity of the prospective purchaser or purchasers, has on diverse occasions threatened the said prospective purchasers with harassment, damage suits and other litigation if the said purchasers acquired the said lands or the respective interests therein by purchase from the State of Alabama, and the said Mudd has thereby prevented the State of Alabama from selling the said lands or interests therein and has thereby prevented the State of Alabama, Jefferson County, the City of Birmingham, and the public schools from receiving revenue from the sale of the said lands or interests therein as they have the right to do under the law of the State of Alabama; and the said Mudd, while threatening and intimidating prospective purchasers as aforesaid, has continued to collect rents from the lands, while paying no taxes upon the said lands or any interest therein, following the sale of the lands or interest therein as aforesaid during November, 1933, all contrary to equity, good conscience and the public, interest.’
“Construing the pleading more strongly against the pleader, these allegations show notice to all complainants of appel-lee’s claims, acts of possession, and failure or refusal to pay any taxes on the property since 1932, and for aught appearing, the complainants have had knowledge of these adverse claims and behavior since 1933. Therefore, under *412 this pleading and the present posture of the case, we are constrained to hold that the State also is barred by the doctrine of prescription. We are not to be understood as holding that the prescriptive period of twenty years applies in all cases against the State, but under the bill of complaint signed by the State in this cause, the demurrer was properly sustained.
“We have already noted that the trial court modified the dismissal as to the State if it should file an amendment ‘sufficient to negative the defense of prescription.’
“This opinion is not to be construed as deciding the number of years prior to the present that the State, county and city have a lien for back taxes other than the lien cannot extend past the prescriptive period. The lower court did not try to pass upon that question nor do we. We merely hold that the failure to try to collect the 1932 taxes until 1954, and 1957, when the present bill was filed, was, under the allegations of this bill before us, subject to demurrer on the ground that it showed on its face that the claim for 1932 taxes was barred by the prescriptive period, and the bill was properly dismissed.”
If the judgment of the trial court is correct, it will be upheld on appeal, even if the trial judge gave a wrong or insufficient reason therefor. Bank of the Southeast v. Koslin, 380 So.2d 826 (Ala.1980).
Because we find that the judgment of the trial court is due to be affirmed on the issue of prescription, we need not discuss whether the trial court’s judgment is correct that Ritchey was entitled to notice under the provisions of Code 1975, § 40-10-133.[1]
The judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

. “When application is made to the land commissioner by any person to purchase lands in which such person had no interest, the land commissioner shall mail a notice in writing to the owner, or some person having an interest in such land, if his place of residence is known, or, if not known, then to the judge of probate of the county in which such lands are situated, informing him that such application has been made and fixing a reasonable time within which such owner or such other person having an interest in the lands may redeem the same. The judge of probate shall cause the notice to be posted at the courthouse, and he shall mail a copy of said notice to the owner, if known to him; and if such lands are not redeemed within the time so fixed, the same shall be sold to the applicant or any other person desiring to purchase the same without other or further notice to such owner or persons having an interest in the lands. If such lands are redeemed within the time so fixed, the judge of probate must, without delay, report the same to the land commissioner and pay over the redemption money as required by law.”