The question presented in this case is whether county boards of education are immune from the operation of the statutes of limitations found at §§ 6-2-34 and 6-2-38(l), Ala. Code 1975. We hold that they are not.
 I.
On May 19, 1989, the Board of School Commissioners of Mobile County ("the Board") contracted with The Architects Group, Inc. ("TAG"), to design O'Rourke Elementary School in Mobile. On May 30, 1991, TAG issued a "Certificate of Substantial Completion" for the school. In September 1991, the Board took occupancy, and TAG performed its final inspection on May 12, 1992.
The Board claims that the school's roof has leaked since the Board took occupancy. In November 1997, the Board sued the general contractor and also the manufacturer of the roofing materials used in building the school, alleging breach of contract and breach of warranty. In July 1998, the Board amended its complaint to add TAG as a defendant. The Board alleged that TAG had negligently performed its duties as architect and had breached its contract with the Board.
TAG moved for a summary judgment, asserting that the Board's negligence and breach-of-contract claims against it were barred by the statutes of limitations. The Board argued that the statutes of limitations are inapplicable to the Board, on the basis that the Board is an agent of the State. The trial court entered a summary judgment for TAG and made it final pursuant to Rule 54(b), Ala.R.Civ.P. The Board appealed from the summary judgment.
 II.
When a defendant bases its motion for a summary judgment on an affirmative defense, this Court applies the following standard of review:
 "`When there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary *Page 491 
judgment is inappropriate. Rule 56(c), Ala. R. Civ. P. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant).'"
Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 444 (Ala. 1999) (quoting Bechtel v. Crown Cent. Petroleum Corp., 495 So.2d 1052,1053 (Ala. 1986)).
 III.
Section 6-2-34(4), Ala. Code, 1975, bars any breach-of-contract claim, based on a contract not under seal, that is filed more than six years after its accrual.[1] Section 6-2-38(l) bars any negligence claim that is filed more than two years after its accrual.[2] The Board amended its complaint to add TAG as a defendant on July 6, 1998, more than seven years after TAG had issued its "Certificate of Substantial Completion" and more than six years after TAG's final inspection of the school. The Board does not dispute that §§ 6-2-34(4) and 6-2-38(l), if applicable, would bar its breach-of-contract and negligence claims. Rather, the Board maintains that under the doctrine of nullum tempusoccurrit reipublicae,[3] neither § 6-2-34(4) nor § 6-2-38(l) applies to any claims brought by the State or one of its entities. Therefore, the Board argues, the summary judgment should be reversed. We disagree.
The Board correctly argues that county school boards are agencies of the State:
 "County boards of education are not agencies of the counties, but local agencies of the state, charged by the legislature with the task of supervising public education within the counties. See [§§ 16-8-8 and -9, Ala. Code 1975]; Clark v. Jefferson County Board of Education, 410 So.2d 23, 27 (Ala. 1982). They execute a state function — not a county function — namely, education. Sims v. Etowah County Board of Education, 337 So.2d at 1317 (Faulkner, J., dissenting), citing Alabama Constitution, Art. 13, § 256. Therefore, they partake of the state's immunity from suit to the extent that the legislature authorizes. Sims v. Etowah County Board of Education, 337 So.2d at 1316; Enterprise City Board of Education[v. Miller, 348 So.2d 782, 783 (Ala. 1977)]."
Hutt v. Etowah County Bd. of Educ., 454 So.2d 973, 974 (Ala. 1984).
The Board argues that because county school boards are agencies of the State, it is immune from the application of §6-2-34 and § 6-2-38, under the doctrine of nullum tempus occurritreipublicae. However, that doctrine does not apply to a county board of education.
"The theory that no time runs against the state or commonwealth is generally followed in regard to ordinary statutes of limitation unless the state or commonwealth is expressly or by necessary implication included within the operation of the statute." State v. Estate of Crocker, 38 Ala. App. 306, 308-09,83 So.2d 261, 262 (1955); see also Cox v. Board of Trustees ofthe University of Alabama, 161 Ala. 639, 656, 49 So. 814, 820
(1909) ("It is a cardinal rule that the statute of limitations, unless so expressed, does not run against the state; but it is equally a cardinal rule that [statutes of limitations] do run against *Page 492 
the state, if so expressed.").[4] However, it is well established that the doctrine nullum tempus occurrit reipublicae
"does not apply to the political subdivisions of the State."State v. Mudd, 273 Ala. 579, 583, 143 So.2d 171, 174 (1962); seeMiller v. State, 38 Ala. 600, 603-04 (1863) ("It is well settled, that the maxim, nullum tempus, c., applies only to the State at large, and not to the political subdivisions thereof. Hence, the statute of limitations runs against municipal corporations, and other authorities established to manage the affairs of the public subdivisions of the State.") As this Court has stated, "[A] county, suing or being sued, is not exempt from the operation of the statutes of limitation, which cover the action sought to be enforced. They are not privileged from suit, under the principle, that `time does not run against the sovereignty.' They are not the State." Perry County v. Selma, M. M. R.R., 58 Ala. 546, 569
(1877).[5]
This Court has implicitly recognized that county boards of education are subject to statutes of limitations. In Watson,Watson, Rutland/Architects, Inc. v. Montgomery County Board ofEducation, 559 So.2d 168 (Ala. 1990), this Court considered a case factually similar to this one. In Watson, the county school board sued the architects, in addition to the general contractor and the manufacturer of the roofing materials, alleging negligence and breach of contract, both claims relating to a leaking roof at a newly constructed school. See Watson, 559 So.2d at 169-70. The trial court granted the architects' motion for a directed verdict as to the negligence claim, on the basis that that claim was barred by either of the potentially applicable statutes of limitations, § 6-2-38 or § 6-2-39 (repealed effective January 9, 1985). See Watson at 170. This Court affirmed the judgment based on the directed verdict in favor of the architect on the school board's negligence claim. See id. at 175. While the doctrine ofnullum tempus occurrit reipublicae was not raised in Watson, this Court held that the statutes of limitations relating to negligence actions did apply to the county school board's negligence claim. See id.
 IV.
Accordingly, we hold that the statutes of limitations at issue here, §§ 6-2-34(4) and 6-2-38(l), Ala. Code 1975, apply to county boards of education and that those boards are not exempt from the operation of those statutes under the doctrine of nullumtempus occurrit reipublicae. Because that doctrine does not operate to exempt county school boards from the operation of the statutes of limitations, the Board's claims against TAG are barred by §§ 6-2-34(4) and 6-2-38(l). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED. *Page 493 
HOOPER, C.J., and MADDOX, HOUSTON, COOK, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
[1] Section 6-2-34 provides" "The following must be commenced within six years: . . . (4) Actions founded on promises in writing not under seal. . . ."
[2] Section 6-2-38(l) provides that "[a]ll actions for any injury to the person or rights of another not arising from contract . . . must be brought within two years."
[3] Nullum tempus occurrit reipublicae ("no time runs against the state") is a common-law doctrine providing that time does not run, i.e., that a statute of limitations does not apply, against the sovereign. See State v. Mudd, 273 Ala. 579, 583,143 So.2d 171, 174 (1962), and Black's Law Dictionary 1096 (7th ed. 1999).
[4] Based on Crocker and Cox, the Board argues that it, as a subdivision of the State, is immune from the operation of a statute of limitations unless the statute expressly provides otherwise. However, this general rule is applicable to the State, and not to subdivisions of the State, such as county boards of education. See State v. Mudd, 273 Ala. 579, 583, 143 So.2d 171,174 (1962).
[5] Although distinct from the doctrine of sovereign immunity, the doctrine of nullum tempus occurrit reipublicae is, nevertheless, related to it. This Court has held that as local agencies of the State, county boards of education are entitled to the sovereign immunity of the State to the extent authorized by the Legislature. See Belcher v. Jefferson County Bd. of Educ.,474 So.2d 1063, 1065 (Ala. 1985); Sims v. Etowah County Bd. ofEduc., 337 So.2d 1310, 1316 (Ala. 1976). However, such immunity from suit is not unlimited. The Legislature has given county school boards the right to sue and to contract. See § 16-8-40(b), Ala. Code 1975. The right to sue carries with it the right to be sued, but only upon such matters as are within the scope of the corporate power of the school board. See Belcher, 474 So.2d at 1065; Sims, 337 So.2d at 1313. Thus, it would follow that a county school board is not immune from the operation of a statute of limitations, at least insofar as the statute applies to breach-of-contract claims.