The cause stood continued nisi, and now the opinion of the Court was delivered by
Parsons, C. J.
Had this objection been made on special demurrer, the declaration must have been quashed ; but the plaintiff insists that the fault, which was a mere slip of the pen, is cured by the verdict.
If we take the whole declaration together, it seems impossible that the defendant could doubt as to the specific nature of the complaint against him, or that the jury could have been misled. It is true that the promise is alleged to be made at a day to come; but the breach is alleged to be committed afterwards, on a day then past. We therefore feel a disposition to support this verdict, if it can be done without violating any correct principle.
It is not easy to reconcile all the cases on this subject; but the case of Sorrel vs. Lewin, reported in 1 Keb. 354, is in point. In that case, indebitatus assumpsit was brought, and the assumpsit laid on a day not then come. Infancy was pleaded in bar, to which the plaintiff replied that it was for necessaries ; and on issue being joined, the verdict was for the plaintiff. Upon motion to arrest the judg *237 ment for this fault in the declaration, the court observed that there should have been a special demurrer, that it was well enough after verdict, which could not have been found for the plaintiff, but on evidence of a promise made before the action, and a duty before the promise. And the plaintiff had judgment. The principle of this case is very reasonable, and, as it is an authority in point, the plaintiff in the principal case must have judgment.