Carlisle v. Davis.

## CARLISLE v. DAVIS.

1. When the time stated in a common count, or an account stated, is subsequent to the title of the declaration, the defect is immaterial, and cannot be reached by demurrer.

2. A count, on an account stated, is good, if it states the accounting of the defendant with the plaintiff, and the indebtedness thereby for a specific sum, followed by a *super se assumpsit.*

3. A writing acknowledging a sum of money to be due for corn and fodder, used by the party, may be declared on as a promise to pay that sum immediately, and without noticing that it was due for corn and fodder.

4. A writing in the possession of the plaintiff, purporting to be indorsed to the defendant, but not shown to have been ever held by him, is not admissible to raise a presumption against him, although the maker's and endorser's signatures are proved.

Writ of Error to the County Court of Perry.

ASSUMPSIT by Davis against Carlisle. The declaration contains two counts. 1. On a due bill in writing, made by Carlisle, on the 12th of October, 1842, whereby he promised to pay the plaintiff immediately the sum of seventy-five dollars. 2. For that the defendant, on the 12th day of October, 1843, was indebted to the plaintiff in the further sum of seventy-five dollars, for money found to be due from the defendant to the plaintiff, on an account then and there stated between them. It concludes with a *super se assumpsit.* The declaration is entitled of February term, 1843, and the suit was commenced 28th January, 1843. The defendont demurred to the declaration, and his demurrer being overruled by the court, he then pleaded *non assumpsit,* payment and set-off.

At the trial, the plaintiff read in evidence an instrument in these words:

" Due Wm. C. Davis, on settlement, for the corn and fodder used by me in farming this year, seventy-five dollars. October 12th, 1842.

" ROBERT CARLISLE."

This was admitted without other proof, against the defen-dant's objection specially made upon each count of the decla-ration.

In the progress of the trial the defendant offered evidence tending to show a payment by him for the plaintiff of about forty dollars to one Barney Johnson. The plaintiff, to dis-prove the correctnes of the claim of set-off, introduced a wri-ting as follows, to-wit.

"*Union Town*, 31 *May*, 1842.

"Rec'd of B. Johnson, by the hands of J. G. Johnson, an account on Wm C. Davis, made in 1841, for 39 92-100 dol-lars for collection.

Signed, J. R. JOHN, J. P."

On the back of which was endorsed,

"*June 8th*, 1842.

*Esq. John*—Sir: Mr. Carlisle has arranged Mr. Davis' debt to B. Johnson, by giving his note, and you may stop further proceedings. I assign the receipt to Mr. R. Carlisle.

Signed, JOHN G. JOHNSON."

The signatures of John and Johnson were proved, but there was no evidence that the writing ever was in the pos-session of the defendant; but it was handed, after the com-mencement of the suit, by the plaintiff to his counsel, in court.

On this state of proof, the court charged the jury, that the possession of this writing by the plaintiff was presumptive evidence that the plaintiff had repaid to the defendant of said attachment case in favor of B. Johnson—(*Quere*, is it not re-paid the receipt in favor of B· Johnson,) but which might be rejected by other evidence in the cause. The defendant ex-cepted, as well to the admission in evidence of the due bill, as to the charge.

Both exceptions are assigned as error, as is also the over-ruling of the demurrer to the second count of the declaration.

A. GRAHAM, for the plaintiff in error.

H. DAVIS, contra.

GOLDTHWAITE, J.—1. It is said by Mr. Chitty, that care must be taken, in framing the declaration, that no part of the cause of action shall appear to have accrued after the time to which the declaration, by its title, refers, and that if it is otherwise, it will be subject to a demurrer. [Chitty's Plead. 289.] But so stringent a practice has never been sustained with us, and indeed, when it is considered, the statement of time, except when made as matter of description of a written contract, may always be under a *scilicit,* and is immaterial; there seems no sufficient reason for such a rule. It is far better that time, when immaterial, shall not be the cause of demurrer, even when improperly stated, than that a mere error in this particular should cause delay or expense to the party. The more especially as no cause of action, provable under a general count, would be allowed to be proved, originating after the commencement of the suit. Such is the decision of other courts, and the rule by them adopted, is more consonant with our general practice. [Bemus v. Faxon, 4 Mass. 263 ; Crouse v. Miller, 10 S. & R. 155.] The demurrer to the second count of the declaration was therefore properly overruled.

2. If the generality of the count was the matter intended to be reached by the demurrer, we think it unobjectionable on that score, as although brief, it contains all that is necessary to shew the account received the assent of both parties, which we take to be the essential matter.

3. The due bill admitted in evidence to the jury, in legal effect, answers to that described in the declaration. It admits a sum of money to be due, and as no time is fixed for its payment, it becomes so immediately. The circumstance that the money was due for corn and fodder, was immaterial to be stated. The written contract being declared on, it was admissible under the common count, without further proof, unless the special count was met by the plea of *non est factum,* as was held in Hartwell v. Houston, January term, 1846.

4. The remaining question to be examined is the one upon the charge to the jury. In this we think there is error. It appears the defendant had given evidence tending to sustain his plea of set-off, and for the purpose to rebut this, the plaintiff introduced a receipt given to Barney Johnson, for

an account to be collected from the plaintiff, indorsed with a direction to the justice of the peace, who gave it, to stop the proceedings, and assigning the receipt to the defendant. The objection to this evidence is, there is nothing shown in the bill of exceptions to connect the defendant with the receipt, or to shew that Carlisle ever held it under the indorsement ; or if it was so held, that he ever relinquished it to tne plaintiff ; nor was it shown. how this party acquired any right to it. It was improper therefore to charge the jury that the receipt in possession of the plaintiff, furnished a presumption that he had repaid the defendant the sum sought to be set.off. We remark, the exception is scarcely intelligible as it is stated, but it would be sheer nonsense, without the construction we put on it, as referring to the set-off previously established by the defendant.

For this error the judgment must be reversed, and the cause remanded.