# Central of Georgia Railway Co. v. Simons.

*Action for Damages for Killing Stock.*

(Decided April 18, 1907. 43 So. Rep. 731.)

1. *Pleading; Variance; Time.*—An allegation that a cow was killed May 18, 1905, is not supported by proof of the killing on Oct. 10, 1904.
2. *Appeal; Review; Harmless Error.*—Any error in the exclusion of testimony is cured by the subsequent admission of the testimony.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by M. F. Simons against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

ESPY & FARMER, for appellant.—Negligence alone does not give a right of action. It must have resulted in injury before a recovery can be had.—*E. T. V. & G. R. R. Co. v. Bayliss*, 75 Ala. 472; *Clements v. Railroad Co.*, 77 Ala. 537; *E. T. V. & G. R. R. Co. v. Kennan*, 81 Ala. 184; *M. & G. R. R. Co. v. Caldwell*, 83 Ala. 199; *Hilliker-Crebb Co. v. B. R. & E. Co.*, 100 Ala. 425; *N. C. & St. L. Ry. Co. v. Hembree*, 85 Ala. 485; *G. P. Ry. Co. v. Hughes*, 87 Ala. 615; *Flippo's Case*, 138 Ala. 498.

R. D. CRAWFORD, for appellee.—Under the facts in this case the burden is on the railroad to clear itself of negligence.—Secs. 3440-43, Code 1896; *Crommelin's Case*, 67 Ala. 581. The evidence showed that the entire train was not equipped with air and hence was not equipped with modern appliances used on well regulated railroads.—*Southern Ry. Co. v. Shirley*, 128 Ala. 599.

DENSON, J.—The complaint alleges that the cow was killed on about the 18th day of May, 1905, while the undisputed proof shows that she was killed on the 10th day of October, 1904. There can be no doubt that a fatal variance in the time as alleged and as proved is shown; and, irrespective of negligence·vel non on the part of the defendant, the court instead of giving the affirmative charge requested by the plaintiff, should have given it as requested by the defendant.—*Wilkinson v. King*, 81 Ala. 156, 8 South. 189; *Milton v. Haden*, 32 Ala. 30, 70 Am. Dec. 523.

If there was error in sustaining the objection made by the plaintiff to the question propounded to the witness Walker, it was rendered harmless by the witness being allowed afterwards to give testimony responsive to the question.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.