# Pollack *v.* Gunter & Gunter.

*Assumpsit.*

(Decided May 24, 1909.   Rehearing denied June 30, 1909.
50 South. 155.)

1. *Bill of Exceptions; Contents; Motion to Strike.*—Where there is an assignment of error noting particularly every page of the bill of exceptions as transcribed in the record, and where the giving or refusing of the affirmative charge is involved, the bill of exceptions will not be stricken although it appears to be unreasonably particular and extended.

2. *Evidence; Admissibility.*—Where plaintiff relies for recovery upon evidence in part of a paper in the form of an account rendered defendant which recited that the sum due was for services rendered in certain suits, and on which was endorsed "correct" and signed by defendant, and plaintiff had introduced testimony tending to show what services were not comprehended in the account, defendant should have been allowed to introduce testimony tending to show what services were comprehended.

3 *Same; Parol Evidence; Consideration.*—The consideration for a promise or obligation may as a general rule be inquired into, and what in fact the consideration was, may be shown by parol.

4. *Pleading; Proof; Variance.*—Where time is alleged under a videlicit, the fact that the evidence did not conform to the exact dates alleged, does not constitute a variance.

5. *Same; Bill of Particulars; Form and Sufficiency.*—The dates set down in the bill of particulars, as required by section 5326, Code 1907, as indicating the times at which the legal services sued for were rendered, were not so far binding as to preclude plaintiff from proof that different dates were the true ones.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Gunter & Gunter against Ignatius Pollack, for legal services rendered. Judgment for plaintiff and defendant appeals. Motion to strike bill of exceptions overruled and the cause reversed and remanded.

BROWN & KYLE, for appellant.—The assignments of error as well as certain charges given render the bill of exceptions in this case clearly within subdivision 1 rule 33, Supreme Court Practice, as well as subdivision 2 thereof, and hence the motion to strike the bill of exceptions should not be entertained. The plaintiff was not entitled to recover on the count declaring on the accounts stated since the allegations were that the account was stated on Jan. 6, 1906, while the only proof on that subject shows it to have been stated on the 8th day of August 1901.—*Comer v. Way,* 107 Ala. 307; *Moore v. Holloway,* 138 Ala. 449; *Loventhal v. Morris,* 103 Ala. 337; *Ivey C. & C. Co. v. Long,* 139 Ala. 540. The court .rred in refusing to allow the appellant to show wnat entered into the stated account.—*Weffel v. Stillman,* 44 South 210, and authorities supra. Furthermore, the stated account was not conclusively correct.—*Sloan v. Guice,* 77 Ala. 397. The evidence was at variance with the bill of particulars.—*Morrisette v. Wood,* 128 Ala. 509. The copy of the bill of particulars was not admissible in evidence.—*Grunt v. Cole,* 8 Ala. 519; *Rice v. Sloss,* 90 Ala. 419. Counsel discuss other assignments of error not treated in the opinion.

F. S. WHITE, GEORGE H. PARKER, and GUNTER & GUNTER, for appellee.—The bill of exceptions should be stricken,—Rule 33, Sup. Ct. Prac., *L. & N. v. Hall,* 131 Ala. 161; *Southern Ry. Co. v. Jackson,* 133 Ala. 384; *Gassenheimer Co. v. Marietta Co.,* 127 Ala. 183; *Lewman v. Andrews,* 129 Ala. 170. There was no variance

as to the time of the stated account since the date was laid under a videlicit.—2 Chitty on Pleadings, p. 90; *Carlisle v. Davis,* 9 Ala. 858; *McDade v. The State,* 20 Ala. 81; *Gibson v. Stewart,* 7 Wartz, 100; *Mayhan v. Smitherman,* 71 Ala. 563. Besides, time and place are never essential in pleading except where they are descriptive. The court did not err in permitting the testimony variant as to time from that laid in the bill of particulars.—17 Cyc. 477; *Street v. Nelson,* 67 Ala. 504; *Rogers v. Crook,* 97 Ala. 725; *Foxworth v. Brown Bros.,* 120 Ala. 67. The permitting of leading questions is within the discretion of court, and not revisable unless abused.—35 Ala. 247; 108 Ala. 51. Counsel discuss other questions raised in appellant's brief, but not touched on in the opinion.

McCLELAN, J.—Action on the common counts by appellees against appellant. The basis for the recovery sought was services rendered by appellees as attorneys for appellant.

The motion to strike the bill must be overruled. While the bill appears to be unreasonably particular and also extended, there is an assignment of error noting practically every page of the bill as transcribed here, and, besides, the affirmative charge involved affords sufficient justification for the extended character of the bill, to save it from being stricken.

In treating the appeal we will undertake to consider only a few of the upwards of 200 errors assigned. Especially is this permissible since the rulings to be stated will, on the trial to recur, affect to alter in a material degree the posture of the case as now appears, and probably render unimportant much of the matter now the subject of laborious and greatly extended discussion in briefs of counsel.

Among other elements asserted as furnishing a basis for recovery was what purports to be an account stated. This was a paper, in form of an account, whereon the defendant had indorsed "Correct" and affixed his name, with the date of so doing. This paper recites that the sum due was for services in "suits of Billing v. You." There were, as plaintiffs contend, many other services rendered by them for defendant. The defendant's theory was that all of the services for which compensation was sought in this action were embraced in a certain contract he alleges was entered into between himself, on the one side, and plaintiffs and attorneys, Winter and McDonald, on the other, and that he had satisfied by payment the stipulation for compensation in that contract. The plaintiffs introduced testimony tending to show what services were not comprehended in the term "in suits of Billing v. You." The defendant, in his turn, undertook to adduce testimony tending to show what was comprehended in the quoted term; but his efforts to this direction were thwarted by the court's ruling, invited, of course, by plaintiff's objections, that defendant could not thus, by parol, alter, vary, or contradict the writing mentioned. Not only was it erroneous to so conclude the defendant, in view of the testimony admitted for the plaintiffs in explanation of what services were not comprehended in the term quoted, because such a process was the denial to defendant of what had been previously granted to the plaintiffs (*Wefel v. Stillman,* 151 Ala. 249, 44 South. 203); but the direct effect of the ruling of the court was to deny application of the general and familiar rule that, with a few exceptions not now necessary to state, the consideration for a promise or obligation may be inquired into, and what, in fact, the consideration was may be shown by parol. The consideration for the obligation spoken by the writing was services "in suits of Billing v. You," and no possible reason occurs

to us, and none has been presented, why the defendant should not have been allowed, independent of the pertinent testimony already introduced by the plaintiffs, to prove what services were within and what without the category of the services described in the writing. Furthermore, with a large list of services sued for, it was obviously defendant's right to avoid the possibility, as he claimed, of a double recovery for services within the sum shown by the paper and, as he asserted, those listed as not being covered by that sum. The action of the court in this regard was error.

The counts allege time after a videlicet. Accordingly there is no merit in the assignments complaining of failure of the proof to conform to the exact dates set down in the complaint. 2 Chitty, p. 90; *Carlisle v. Davis,* 9 Ala. 858.

There is likewise no merit in the appellant's contention that payment on an account after it has become stated operates to denude it of that character, any more than payment on a note alters its status except as to amount.—*Loventhal v. Morris,* 103 Ala. 332, 15 South. 672, dealt with debits as determining when the account became a stated account, and not with a case, as here, where the account was alleged to be stated and subsequently payments were made upon it.

A bill of particulars was demanded by the defendant. The response to the demand was a long itemized list of the services claimed for in this action. Opposite some of these items were dates, while opposite others the place usually containing dates was blank. Our statute (Code 1907, § 5326) in reference to bills of particulars requires, it appears, only a list of the items sued for. No specific mention of dates is therein made. The object sought to be conserved by the requirement of the statute is to prevent surprise and to acquaint the defendant with the matters of claim against him. Whether in a

[Pollack v. Gunter & Gunter.]

given case the bill of particulars is sufficient might properly be raised at the threshold of the trial. We are not now prepared to hold, under our statute, that dates set down as indicating the point of time at which the legal services sued for were rendered were so far binding as to preclude the plaintiffs from proof that a different date was the true date when the particular service was rendered. Previous considerations of this statute by this court, reference to which may be found in the annotations thereto, do not tend to a construction and practical application of the statute working such an extremely technical effect. The object of the statute, as indicated, rationally refutes the existence of a legislative purpose to make the requirement even more strict than the ordinary rules of pleading.

There was no error in allowing parol proof of the character and contents of papers, documents, court records, etc. In this action, where professional services were alleged to have been rendered, such papers, documents, and records were collateral—incidental—to the issues, and parol evidence was admissible in the premises.—*Bulger v. Ross,* 98 Ala. 267, 12 South. 803; *Rodgers v. Crook,* 97 Ala. 725, 12 South. 108.

Pleas of statutes of limitation were interposed. Whether certain charges for services were barred thereby, because separate and distinct, and not items of a running account, were questions of fact. The plaintiffs could not, by the mere act of stating or claiming them as items of a current account, avert the effect of the statutes, if in fact they were separate and distinct matters, not forming mere items of current account.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.