72 So.2d 86

**NELSON et al.**

**v.**

**CUTTER BOAT & MOTOR CO., Inc.**

**1 Div. 570.**

Supreme Court of Alabama.

March 18, 1954.

Rehearing Denied April 22, 1954.

D. R. Coley, Jr., Chris C. DeLaney, J. Terry Reynolds, Mobile, for appellants.

Holberg, Tully & Aldridge, Albert J. Tully, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from the verdict of the jury and judgment thereon in the Circuit Court of Mobile County in favor of the plaintiff (appellee) for the sum of $2,229.12.

The complaint contained three counts, the first claiming $2,229.12 due by account; the second claiming this amount due for merchandise, goods and chattels sold defendants, and the third claiming this sum due by account stated between plaintiff and defendant on, to wit, the 21st day of November, 1947.

The pleas on which issue was joined were (1) the general issue (2) a plea of set-off in the sum of $142,000 for damages on account of the termination of an exclusive outboard motor franchise and (3) a plea of recoupment in the amount of $75,000 for alleged loss on account of the lowering of the discount rate on the outboard motors from 35% to 30%.

The plaintiff was a distributor for Mercury Outboard Motors. The defendants, Nelson and Reynolds, formed a partnership under the name of Gulf Boat & Motor Company to sell sporting goods including boats, motors and motor scooters. In 1945 defendants were given the exclusive agency for the Mercury Motors in several South Alabama and Mississippi Counties in a written contract which provided among other things that the discount rate would be 35% on all motors and parts, and that the agreement or contract "may be terminated upon a breach of any of the terms hereof by either party hereto, or on thirty days notice in writing, with or without cause."

During the course of business the discount rate was reduced from 35% to 30% and a dispute arose between the parties as to this matter. Later plaintiff shipped ten Mercury Motors to defendants, who did not remit for them. These motors are the basis of plaintiff's suit in the amount of $2,229.12. The parties carried on a voluminous correspondence about this account and other matters until May 14, 1947. Plaintiff notified defendants that the contract was terminated effective thirty days later. Actually the parties continued to have business dealings with each other until January, 1948.

The defendants contended by their pleas 2 and 3 that they were damaged because plaintiff wrongfully cancelled the contract and that they were not given a reasonable opportunity to recoup their expenditures incurred in setting up their organization to handle this dealership.

In view of the fact that this case must be reversed, we will not discuss the evidence in detail.

Appellant has listed and argued 28 assignments of error. Assignment No. 1, that the verdict is contrary to the law and the evidence, and No. 2 that the verdict is contrary to the great preponderance of the evidence, are without merit. There was ample evidence, if believed, to support the verdict and it was not contrary to the law applicable to the case.

Assignments of error 4 through 19 complain of the giving of certain written charges requested by appellee. Assignment No. 20 complains of the refusal of the court to give written charge "D" requested by appellant. This charge was properly refused on the ground that it was included practically verbatim in charge "F" requested by and given for appellant.

Assignments of error 21 through 28 complain of rulings on evidence. We have examined each of them and find no ruling which amounts to reversible error. The court did err in overruling the objection of defendant to the questions set out in assignments 26 and 27, but the witness did not answer in either instance and the questions in themselves were not substantially prejudicial to the rights of defendant.

We revert to the written charges. The court gave seventeen requested by the appellant, some of which should not have been

given. The court gave twenty-three requested by the plaintiff.

■ Assignment of error No. 5 is directed to the giving by the court at the instance of the plaintiff of the following charge:

' "7. The Court charges the jury that the Defendants claim damages under their plea No. 2 for the cancellation or termination on or about January 28, 1948, of their written contract with the plaintiff, but if you believe from the evidence that this contract was cancelled or terminated by the Plaintiff on or about May 14, 1947, effective 30 days later, then you cannot find for the defendants under their plea no. 2."

There was testimony to the effect that the agreement sued on had been terminated in May, 1947, effective thirty days later by a letter written by the plaintiff and received by the defendants. The following is included in defendants' Plea No. 2: "And the defendants aver that on or about the 28th day of January, 1948, the plaintiff undertook to cancel and did cancel such contract." There was also evidence to support this allegation.

In Atchley v. Wood, 255 Ala. 227, 51 So. 2d 705, we held that a videlicet means on or about the day specified and when it is so alleged, the evidence need not prove the date strictly as laid. Here, as in Williams v. Shows, 187 Ala. 132, 65 So. 839, the time when the cause of action arose was not of the essence of the defendants' cause of action under their plea of set-off.

In Great Atlantic & Pacific Tea Co. v. Crabtree, 230 Ala. 443, 161 So. 508, 509, the plaintiff's complaint charged that the defendants sold the meat to plaintiff's wife "on towit the 13th day of September, 1932." The trial court at the written request of the defendants gave the jury the following instruction:

" 'The plaintiff charges in this case that his wife purchased meat from defendants on the 13th day of September, 1932, which was unfit for human consumption, and unless each and every

juror is reasonably satisfied from the evidence of that fact, then you cannot find verdict against defendants.' "

The court said:

"In giving this charge the court committed error. The effect of this charge was to instruct the jury that the plaintiff could not recover unless the evidence satisfied the jury that the purchase of the meat was made on the 13th day of September, 1932. In other words, its purpose was to hold plaintiff to strict proof of the date, notwithstanding the same was stated under a videlicet."

In Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155, 156, one of the counts alleged that the account sued on was stated on January 6, 1906, while the only proof on that subject showed it to have been stated on the 8th day of August, 1901. This court said:

"The counts allege time after a videlicet. Accordingly there is no merit in the assignments complaining of failure of the proof to conform to the exact dates set down in the complaint. 2 Chitty, p. 90; Carlisle v. Davis, 9 Ala. 858."

It therefore follows that the cause must be reversed and remanded for the giving of this charge by the court.

■ Assignment of error No. 4 is directed to the giving by the court at the instance of the plaintiff the following charge:

"The Court charges the Jury that if, after considering all the testimony in this case, your minds are left in a state of confusion as to whether or not defendants should recover against the plaintiffs in this case, then you cannot find for the defendants."

Under the rule laid down in Boyette v. Bradley, 211 Ala. 370, 374[5], 100 So. 647, 650, where this type of charge is discussed at length, charge 4 would have been harmless if limited to defendants' pleas of set-off and recoupment. But the burden

remained on plaintiff to make out his case to the reasonable satisfaction of the jury. This charge excluded that feature entirely and could have been construed by the jury as tantamount to a directed verdict for plaintiff in the event it did not find for defendants on their pleas of set-off or recoupment.

We do not consider it necessary to go into a detailed explanation of the other requested charges.

For the errors pointed out the cause must be reversed and remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

On Rehearing

MERRILL, Justice.

Counsel for appellee argue strenuously that the variance referred to in charge 7 was one of material substance and not a mere element of time. We cannot agree. The whole tenor of the correspondence between May 14, 1947 and January 28, 1948 shows a desire to continue a dealership arrangement if defendants would pay the account. The parties continued to do business with each other during the period and defendants were still the exclusive dealers in the territory. We quote extracts from the letter of plaintiff to defendants dated January 28, 1948:

"* * * please take this letter as the final settlement between my company and yours—if we do not receive a check from your company by February 1st—payment in full of past due bills

* * * * * *

"You realize we have not renewed your contract and therefore literally speaking, you are not a bonafied Mercury dealer. However, I have the utmost faith in your Mr. Barnes and feel through his management of Gulf Boat & Motor Co., that he would make us an excellent dealer in Mobile, but

if this matter is not settled, I will have to install a new dealer in Mobile. * * In the event, you do settle your account, we can again start operating but it will be necessary for us to ship all your merchandise, either by sight draft or C.O.D.

* * * * * *

"I would like to state again that I sincerely believe that your company can give us a good or better representation as we could find anywhere else, however, if you see fit to hold payment any longer on these invoices, I will have to be satisfied with second best."

We think the above clearly demonstrates that there was evidence that there was no final or absolute termination of the agency arrangement until January 1948 and then it was dependent upon a decision of defendants not to pay the account.

Moreover, defendants' plea No. 2, the subject of charge 7, was based on alleged losses, damages and injuries sustained from the inception of the contract in 1945 to the occasion of its cancellation and this being the only contract between the parties, the question to be determined was whether the termination of the contract was unfair or unjust to defendants under the circumstances, and not a question of the exact date or time of its termination, it being agreed by both parties that there was a cancellation or termination of the 1945 agency contract.

In their original brief and on this application, appellee cites Central of Georgia R. Co. v. Simons, 150 Ala. 400, 43 So. 731, in support of the contention that there was a fatal variance. (In passing we should note that the second line of the opinion in 150 Ala. 400 should read "on or about" instead of "on about". We have checked the original record and it is identical with the opinion as reported in 43 So. 731.) The Simons case was retried and came to this court again, 161 Ala. 337, 50 So. 50. It was again reversed and remanded with no mention of the variance although the undisputed proof in the original record shows a variance of one year in the time as alleged and

as proved. According to Shepard's Alabama Citations, the case in 150 Ala. 400, 43 So. 731 has been cited only twice by this court. The first instance was in Woodward Iron Co. v. Mumpower, 248 Ala. 502, 28 So. 2d 625[5], but this court refused to apply it to a situation where it was averred that defendant had carried on mining operations under plaintiff's land during 1943 and the proof showed them to have been during 1935 and 1936. The second instance was in the case of Louisville & N. R. Co. v. Johns, 258 Ala. 440, 63 So.2d 574, where it is cited for the general proposition that "The probata and allegata must correspond". We cannot follow the Simons case, 150 Ala. 400, 43 So. 731, in the conclusion that the variance was fatal unless compliance with the provisions of Circuit Court Rules 34 and 35, adopted subsequent to the decision in the Simons case, is shown.

It is also urged that the dates in the case of Pollack v. Gunter & Gunter, 162 Ala. 317, 50 So. 155, which are set out in our opinion, are not to be found in the report of that case. We agree. There is a reference to the dates in the condensed report of the brief and argument of the attorneys for appellant, but we went to the original record to ascertain just what period of time the court was referring to when it made the statement which we took from the decision in that case and quoted in our opinion in the instant case. Plaintiff's Exhibit "B" shows the account to have been stated as correct in August 8, 1901, while it was alleged to have been stated "on to-wit: the 6th day of January, 1906." The rule in Pollack v. Gunter, supra, has been approved as lately as. Atchley v. Wood, 255 Ala. 227, 51 So.2d 705, as early as Simpson v. Talbot, 25 Ala. 469 and Howard v. Ingersoll, 23 Ala. 673 and the English case of Atkins v. Warrington, K.B. 1827.

 The opinion in this case in no way impairs or qualifies the three fundamental rules applying in cases where this question is involved.

(1) If a given and certain date is alleged in pleading, it must be proven, when not laid under a videlicet or its equivalent. Atchley v. Wood, supra; Life & Casualty Ins. Co. of Tennessee v. Latham, 255 Ala. 160, 50 So.2d 727.

(2) When time is not material and is alleged under a videlicet, it need not be proved exactly as laid. Atchley v. Wood, supra; 16 Alabama Digest Pleading, ☞ 391, p. 200.

(3) A videlicet will not avoid a variance or dispense with exact proof in an allegation of a material fact. United States Health & Accident Ins. Co. v. Savage, 185 Ala. 232, 64 So. 340; Independent Life Ins. Co. v. Vann, 24 Ala.App. 93, 130 So. 520.

As previously stated, the exact time of the termination of the agency agreement in the instant case was not material, it being agreed by all parties that it was terminated or cancelled.

Opinion extended. Application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.