963 So.2d 626 (2007)
Harold Gene LANDS and Kathy Lands
v.
LULL INTERNATIONAL, INC., n/k/a Trak International, Inc.
1051278.
Supreme Court of Alabama.
March 2, 2007.
*627 J. Douglas Fields, Jr., of Fields Law Firm, L.L.C., Birmingham, for appellants.
H.L. Ferguson, Jr., and Steven R. Colclough of Ferguson, Frost & Dodson, L.L.P., Birmingham, for appellee.
STUART, Justice.
Harold Gene Lands and Kathy Lands, the plaintiffs in an action against Lull International, Inc., n/k/a Trak International, Inc. (hereinafter referred to as "Lull"), and other defendants, appeal from a summary judgment entered in favor of Lull, arguing that the trial court erred in holding that their breach-of-warranty claim was barred by the statute of limitations in § 7-2-725, Ala.Code 1975. We affirm.

I.
On September 27, 1996, Rental Services Corporation ("RSC") ordered from Lull, a manufacturer of heavy machinery, a "6K-37 Highlift," a telescoping forklift. Lull delivered the 6K-37 forklift to RSC on October 25, 1996, and RSC added the 6K-37 forklift to its inventory of rental equipment and made it available for rent to contractors and other interested parties.
On approximately November 13, 2000, RSC rented the 6K-37 forklift to Michael Hall, a general contractor on a residential construction project in DeKalb County. On November 30, 2000, two workers on that construction project, one of whom was Harold Lands, decided to use the forklift element of the 6K-37 forklift as a platform on which to stand while installing shutters on the upper floor of the residence being constructed.[1] While Harold Lands was on the platform approximately 20 feet above the ground, the other worker started the engine on the 6K-37 forklift, causing it to "jerk." Lands was thrown to the ground; he broke his left leg and right heel in the fall.
On November 25, 2002, Harold Lands and his wife Kathy Lands sued RSC, Michael Hall, and fictitiously named parties, alleging negligence, negligent failure to train, and premises liability.[2] On April 23, 2004, the Landses amended their complaint to assert a breach-of-warranty claim against Lull, alleging that the accident was caused by a defect in the design of the 6K-37 forklift. In its answer, Lull asserted that the Landses' breach-of-warranty claim against it was barred by the statute of limitations; on December 19, 2005, Lull moved for a summary judgment on that basis, arguing that § 7-2-725, Ala.Code 1975, barred the Landses' breach-of-warranty claim. Section 7-2-725 provides, in relevant part:
"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has *628 accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs."
Lull accompanied its motion with evidence establishing that the 6K-37 forklift was delivered to RSC on October 25, 1996; therefore, Lull argued, under the clear language of § 7-2-725, the statute of limitations for any breach-of-warranty claim expired four years later on October 25, 2000  approximately 1 month before Harold Lands was injured, 25 months before he and his wife filed this action, and 42 months before they amended their complaint to assert a claim against Lull.
The Landses opposed Lull's motion, arguing that the four-year statute of limitations did not begin to run until August 22, 2002, when Lull issued a service bulletin identifying the design defect in the 6K-37 forklift that the Landses allege caused Harold Lands's injuries. In support of their argument, the Landses relied on the exception in § 7-2-725(2), which states that "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. . . ."[3] The Landses argued that the service bulletin extended the warranty on the 6K-37 forklift until January 31, 2003, inasmuch as, in that bulletin, Lull stated that it would fund the cost of repairs "to all units as defined in this letter whether in or out of warranty" so long as the repairs were completed by January 31, 2003. Accordingly, the Landses argue that their cause of action did not accrue and the statute of limitations did not begin to run until August 22, 2002  the date the service bulletin was issued and the first date they claim Lull's alleged breach of warranty could have been discovered. Therefore, they argue, their April 23, 2004, claim against Lull was timely.
On April 3, 2006, the trial court held a hearing on Lull's summary-judgment motion, and, on April 11, 2006, the court granted the motion. The trial court thereafter certified its summary judgment for Lull as final pursuant to Rule 54(b), Ala. R. Civ. P. The Landses appeal.

II.
Lull's motion for a summary judgment was based on the statute of limitations, an affirmative defense identified in Rule 8(c), Ala. R. Civ. P. In Board of School Commissioners of Mobile County v. Architects Group, Inc., 752 So.2d 489, 490-91 (Ala. 1999), this Court stated:
"When a defendant bases its motion for a summary judgment on an affirmative *629 defense, this Court applies the following standard of review:
"`"When there is no genuine issue of material fact as to any element of an affirmative defense, . . . and it is shown that the defendant is entitled to a judgment as a matter of law, summary judgment is proper. If there is a genuine issue of material fact as to any element of the affirmative defense, summary judgment is inappropriate. Rule 56(c), Ala. R. Civ. P. In determining whether there is a genuine issue of material fact as to each element of an affirmative defense, this Court must review the record in a light most favorable to the plaintiff (the nonmoving party) and must resolve all reasonable doubts against the defendant (the movant)."'
"Wal-Mart Stores, Inc. v. Smitherman, 743 So.2d 442, 444 (Ala.1999) (quoting Bechtel v. Crown Cent. Petroleum Corp., 495 So.2d 1052, 1053 (Ala.1986))."
The burden is therefore on Lull to demonstrate that there is no genuine issue of material fact as to any element of its statute-of-limitations defense.

III.
Lull accompanied its motion for summary judgment with an invoice and an engine-warranty registration form indicating that the 6K-37 forklift was delivered to RSC on October 25, 1996. Therefore, Lull argues, pursuant to the clear language of § 7-2-725, the statute of limitations for any breach-of-warranty claim expired four years later on October 25, 2000, before Harold Lands was even injured. This evidence is sufficient to make a prima facie showing that the Landses' claim is time-barred; therefore, the burden then shifted to the Landses to produce substantial evidence indicating that their claim is excepted from the general rule of § 7-2-725 that a breach-of-warranty claim accrues when the warrantied item is delivered. They have failed to meet that burden.
The Landses argue that their claim is outside the general rule of § 7-2-725 based on the exception in § 7-2-725(2) for instances "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." This exception states that in those cases, "the cause of action accrues when the breach is or should have been discovered," which date, the Landses argue, is August 22, 2002, the date Lull issued the relevant service bulletin. The Landses further argue that the issuance of "the service bulletin served to renew and extend Lull's initial warranties until January 31, 2003." The Landses have not argued that the service bulletin constitutes an independent retroactive warranty. Therefore, in order to demonstrate the existence of a genuine issue of material fact and rebut Lull's prima facie showing, the Landses must produce substantial evidence indicating (1) that the initial warranty on the 6K-37 forklift "explicitly extends to future performance" of the forklift, and (2) that the service bulletin did in fact extend that warranty until January 31, 2003. However, because they have failed to establish the former, it is unnecessary to consider whether they have established the latter.
The Landses have not established that the initial warranty on the 6K-37 forklift "explicitly extends to future performance" of the forklift because there is no evidence in the record that would indicate what was covered by the initial warranty on the 6K-37 forklift. The Landses have admitted as much in their brief, stating:
"[N]o evidence of the Lull International 6K-37 [forklift] original warranty(ies) on the date of delivery was submitted to *630 the court below, save for warranty information relating to the John Deere engine which was incorporated into the 6K-37 forklift. . . . Said document describes a `warranty on the reverse side' of the page, but the reverse side of the page was not provided to plaintiffs, nor to the court below and is not a part of the record. Further, defendant Lull International, Inc., has not, to date, provided evidence of the original warranties which existed on the date of delivery of the equipment in question."
It is apparent that the Landses believe it was Lull's responsibility to place in the record evidence of the original warranty; however, they are mistaken. Lull made a prima facie showing that the Landses' claim was time-barred without relying on the language of the original warranty; therefore, Lull had no obligation to place that warranty in the record.
After Lull made its prima facie showing, the burden shifted to the Landses to demonstrate that there was, in fact, a genuine issue of material fact as to the timeliness of their claim. They have attempted to establish such an issue of fact by invoking the exception in § 7-2-725(2) for instances "where a warranty explicitly extends to future performance of the good[ ]"; however, it was accordingly their responsibility to submit substantial evidence in support of the applicability of that exception. It is axiomatic that, in order to rely on the exception for instances "where a warranty explicitly extends to future performance of the good[ ]," there must be some evidence of that warranty. However, the Landses have submitted none.[4] In Thompson v. Wilson, 474 So.2d 657, 660 (Ala.1985), this Court stated:
"We have already said that plaintiff, in neither affidavit, deposition, brief, nor reply brief, has produced a scintilla of evidence[[5]] to show why [the affirmative defense of the Statute of Frauds] would not apply. We are of the opinion, and so hold, that even though plaintiff may produce a genuine issue of material fact [on other matters such as the terms or existence of a contract], if the other side makes out a prima facie case under a special plea of the affirmative defenses of the Statute of Frauds or the statute of limitations, it is incumbent upon the opposite party to come forward with at least a scintilla of proof that these defenses do not apply to him. Otherwise, summary judgment is appropriate."
Instead of submitting substantial evidence indicating the existence of a warranty extending to future performance, the Landses have concentrated their effort on showing that the service bulletin extended the coverage of the unproven warranty through the date of the accident. That fact is of little consequence, however, without a showing that there was an initial warranty extending to future performance  as opposed to merely a warranty to repair or replace  that could be extended and that would implicate the exception in § 7-2-725(2) relied upon by the Landses. Because there is no evidence in the record *631 of any warranty explicitly guaranteeing the future performance of the 6K-37 forklift, the Landses have not established that they are entitled to the claimed exception in § 7-2-725(2). The summary judgment entered in favor of Lull, therefore, was correct.

IV.
In moving for a summary judgment, Lull made a prima facie showing that the Landses' breach-of-warranty claim against it was filed outside the general four-year period of limitations governing breach-of-warranty actions. The Landses therefore bore the burden of producing substantial evidence indicating the existence of a genuine issue of material fact as to whether the four-year statutory limitations period had expired. They failed to carry that burden. Accordingly, Lull was entitled to a judgment as a matter of law, and the summary judgment entered by the trial court was proper.
AFFIRMED.
COBB, C.J., and SEE, LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
MURDOCK, Justice (concurring in the result).
I agree with the result reached by the main opinion. I write separately to note that that result is consistent with this Court's teaching in Ex parte General Motors, 769 So.2d 903 (Ala.1999), as to the burdens of proof and production in regard to a motion for a summary judgment.
This Court explained in Ex parte General Motors that the party moving for a summary judgment always has the "`burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment.'" 769 So.2d at 909 (quoting Berner v. Caldwell, 543 So.2d 686, 691 (Ala.1989) (Houston, J., concurring specially)). It is the manner in which that burden of production may be satisfied that can be dispositive in deciding a summary-judgment motion. Specifically, as the Ex parte General Motors Court explained:
"`The manner in which the movant's burden of production is met depends upon which party has the burden of proof . . . at trial.' If the movant has the burden of proof at trial, the movant must support his motion with credible evidence. . . . The movant's proof must be such that he would be entitled to a [judgment as a matter of law] if this evidence was not controverted at trial.
"`If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56[, Ala. R. Civ. P.,] burden of production either by submitting affirmative evidence that negates an essential element in the nonmovant's claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. . . .
"`". . . .
"`The nonmovant may defeat a motion for summary judgment that asserts that the nonmovant has no evidence to establish an essential element of his claim by directing the trial court's attention to evidence of that essential element. . . .
"`If the nonmovant cannot produce sufficient evidence to prove each element of its claim, the movant is entitled to a summary judgment, for a trial would be useless.'"
769 So.2d at 909 (quoting with approval Justice Houston's special concurrence in Berner, 543 So.2d at 691 (first and last emphasis added)). See also Payton v. *632 Monsanto Co., 801 So.2d 829, 834 (Ala. 2001) ("Principles governing burden of proof at trial and accrual of causes of action are therefore dispositive.").
In the present case, Lull generally had the burden of proof as to the affirmative defense of the statute of limitations. Board of School Comm'rs of Mobile County v. Architects Group, Inc., 752 So.2d 489 (Ala.1999); Denmark v. Mercantile Stores Co., 844 So.2d 1189, 1195 (Ala.2002). It was the Landses, however, who had the burden of proving that the warranty at issue explicitly extended to the future performance of the 6K-37 forklift. Accordingly, Lull could satisfy its burden of production by simply asserting that the Landses had no evidence to this effect. Repeating an assertion implicit in its motion for a summary judgment, Lull asserted at the hearing on that motion:
"Any warranty of future performance in order to constitute an exception to the date of accrual being the delivery of the equipment must be made explicitly, it must be an expressed warranty of future performance. The plaintiffs have offered no evidence in this case that there was a[n] express warranty of future performance related to the [6K]-37 that's involved in this case."
The trial court correctly determined that this assertion was accurate and, therefore, that Lull was entitled to a summary judgment.
NOTES
[1] This decision was made in spite of a warning sticker in the cockpit of the 6K-37 forklift that stated, in capital letters: "This machine is not equipped to lift personnel. Never use this machine as a work platform."
[2] Kathy Lands asserted derivative claims of loss of consortium in conjunction with each of her husband's claims.
[3] A warranty extending to future performance of a product guarantees the performance of that product for a stated period of time, in contrast to a warranty to repair or replace, which implicitly acknowledges that a product might not perform, but provides for its repair or replacement if nonperformance in fact occurs. Tittle v. Steel City Oldsmobile GMC Truck, Inc., 544 So.2d 883, 889 (Ala.1989).
[4] It is unclear from their brief whether the Landses are in possession of the original warranty for the 6K-37 forklift. If they do not possess the warranty, they could have opposed Lull's summary-judgment motion pursuant to Rule 56(f), Ala. R. Civ. P., on the grounds that they needed more time to complete essential discovery so they could acquire the warranty and establish whether they were entitled to the § 7-2-725(2) exception they claim. However, they did not avail themselves of Rule 56(f).
[5] Thompson v. Wilson was decided prior to June 11, 1987, and thus was governed by the scintilla rule rather than the substantial evidence rule. The scintilla rule of evidence was abolished effective June 11, 1987. See § 12-21-12, Ala.Code 1975.