SEE, Justice
(dissenting).
I do not agree with the main opinion that we should overrule Tittle v. Steel City Oldsmobile GMC Truck, Inc., 544 So.2d 883 (Ala.1989), and I do not find any other reason to reverse the judgment of the trial court; therefore, I respectfully dissent.
I.
In Tittle, Rodney K. Tittle purchased a new car from Steel City Oldsmobile GMC Truck, Inc. (“Steel City”), on October 9, 1981. GM provided a warranty that it “would repair and adjust defects in material or workmanship that occurred during the first 12 months or first 12,000 miles in which the car was in use.” 544 So.2d at 884. However, Steel City was unable to repair certain defects in the car. Tittle sued Steel City, General Motors Acceptance Corporation, and GM, alleging breach of warranties based upon the Mag-nuson-Moss Warranty-Federal Trade Commission Act, 15 U.S.C. § 2301 et seq. Steel City and GM moved for a summary judgment based upon the statute of limitations. The trial court granted Steel City’s and GM’s motions, and Tittle appealed to this Court. This Court held that Tittle’s state-law and Magnuson-Moss Act claims were subject to the statute of limitations provided in § 7-2-725(2), Ala.Code 1975, which states:
“(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party’s lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs.”
In Tittle, based on the plain language of the statute, this Court held that “Tittle’s warranty does not extend to the future performance of his car. The trial court, therefore, correctly determined that Tittle’s cause of action, by statute and by the express terms of his warranty, accrued at the time Steel City delivered the vehicle to him.” 544 So.2d at 891. Since that ruling, this Court has consistently held that “[a] *117 warranty extending to future performance of a product guarantees the performance of that product for a stated period of time, in contrast to a warranty to repair or replace, which implicitly acknowledges that a product might not perform, but provides for its repair or replacement if nonperformance in fact occurs.” Lands v. Lull Int’l, Inc., 963 So.2d 626, 628 n. 3 (Ala.2007) (citing Tittle, 544 So.2d at 889). See also Palm Harbor Homes, Inc. v. Crawford, 689 So.2d 3, 10-11 (Ala.1997) (“This Court has previously held that the language of an express warranty to repair cannot be construed as a representation that a product is entirely free of defects. Rather than guaranteeing that the product is free of defects, an express warranty to repair anticipates that any defects detected during the term of the warranty will be remedied.”(citations omitted)).
The main opinion cites two possible rationales to remove the bar of the statute of limitations prescribed in § 7-2-725. The first is that GM’s repair warranty should be viewed as an express warranty that goes to the future performance of the goods, placing it within an exception in § 7-2-725(2). GM, however, did not warrant the future performance of the car; instead, it warranted the car against defects in “materials or workmanship.” Brown’s complaint asserts that “7 ... GMC has breached both warranties as to [Brown], Said vehicle ... is and has been defective since the date of its purchase by [Brown] .... ” Thus, Brown is asserting a defect, not claiming a promise of future performance. A promise to repair defects in the car should not
“be viewed as an independent or separate warranty. Instead, ... such promises ‘are generally viewed as specifications of a remedy’ and ... if the promise to repaii- ‘is not fulfilled, then the cause of action is the underlying breach of warranty.’ [It is] ‘a fallacy’ the argument that ‘by failing to remedy its first breach, the defendant committed a second breach, giving rise to a brand new cause of action and starting anew the limitations period.’ ”
Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 325 (1st Cir.2008) (quoting New England Power Co. v. Riley Stoker Corp., 20 Mass.App.Ct. 25, 477 N.E.2d 1054, 1058 (1985)).
The second rationale offered by the main opinion is that GM’s repair warranty is not an express warranty under the Uniform Commercial Code, and so the accrual date in § 7-2-725(2), Ala.Code 1975, does not apply. Section 7-2-313, Ala.Code 1975, states that “[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise,” and the Official Comment to that Code section states that “[although this section is limited in its scope and direct purpose to warranties made by the seller to the buyer as part of a contract for sale, the warranty sections of this Article are not designed in any way to disturb those lines of case law growth which have recognized that warranties need not be confined either to sales contracts or to the direct parties to such a contract.” See Pack v. Damon, Corp., 434 F.3d 810, 814 (6th Cir.2006)(holding that under Michigan law a repair-or-replace warranty extended by a remote manufacturer is an express warranty under Michigan’s version of the Uniform Commercial Code). Contrary to Brown’s assertions, GM’s express warranty relates to the quality of the goods. GM promised to repair defects in “materials or workmanship,” in other words, defects affecting the quality of the goods as manufactured and delivered. This Court has treated manufacturer’s repair warranties as express warran *118 ties under the Uniform Commercial Code. See generally Ex parte GMC, 769 So.2d 903 (Ala.2000); Rhodes v. General Motors Corp., 621 So.2d 945 (Ala.1993); and Volkswagen of America v. Dillard, 579 So.2d 1301 (Ala.1991).
Section 7-2-725(1) provides that the statute of limitations for the “breach of any contract for sale” is four years from the date of the accrual of the cause of action. Section 7-2-725(2) specifically provides that “[a] breach of warranty occurs when tender of delivery is made, except ... where a warranty explicitly extends to future performance of the goods ....,” which is not the case here.
The main opinion also notes that many manufacturers now offer warranties in excess of four years and, therefore, that the current state of the law creates a situation in which an automobile manufacturer may offer consumers a warranty that is partially unenforceable because the term of the warranty extends beyond the applicable statute of limitations. Section 7-2-725(1) specifically provides that “the parties may reduce the period of limitation to not less than one year but may not extend it.” Therefore, based on the plain language of the statute, this Court has consistently affirmed the principle that
“[u]nder § 7-2-725(2), a cause of action for breach of warranty accrues when the seller tenders to the buyer the goods made the basis of the warranty. Once the cause of action accrues, the statute provides a four-year limitations period in which the buyer may file suit, subject to [two exceptions] .... ”
Tittle, 544 So.2d at 887-88. Under the statute, the parties are without the authority to extend the limitations period beyond four years.
This Court has stated:
“ ‘Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ”
Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). The main opinion, however, argues that the plain-meaning application of § 7-2-725 in Tittle creates a harsh result when a automobile manufacturer offers a warranty of longer than four years and, therefore, that that application would not be “fan* or logical, or what the legislature intended” in such a case. 14 So.3d at 110.
It is not the function of this Court to “improve” statutes. If the legislature would today offer a different statute, then it is the function of that body to do so by amendment, and not ours to do so by judicial revision. Nor is the plain meaning of the statute to be reformed by our judgment as to what we deem to be fair. This Court has stated:
“There is clearly a ‘rational’ way to view the words of the Legislature. It may not reflect a policy that the members of this Court would adopt, but that is an entirely different matter. If the Legislature intends this statute to be applied in a different manner, the Legislature may correct the statute in its own way and its own time.”
Pitts v. Gangi, 896 So.2d 433, 436 (Ala.2004). See also Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 203 (Ala.2001) (“If adverse effects on market conditions warrant a different result [than that demanded by a plain-meaning interpretation,] it is for the Legislature, not this *119 Court, to amend the statute.”); and Folmar & Assocs. LLP v. Holberg, 776 So.2d 112, 118 (Ala.2000) (“While there may be valid policy arguments for extending the Act ... ‘it is not for the Judiciary to impose its view on the Legislature.’ ” (quoting Ex parte T.B., 698 So.2d 127, 130 (Ala.1997))). This Court’s holding in Tittle is based upon the plain meaning of § 7-2-725, Ala.Code 1975.[9]
II.
Justice Lyons, in his writing concurring in the result, would have this Court hold that the trial court erred in entering a summary judgment in favor of GM because, Justice Lyons writes, GM waived its statute-of-limitations defense by not asserting it in its initial pleading. The record indicates that after Brown filed his complaint, GM moved for dismissal pursuant to Rule 12(b)(6), Ala. R. Civ. P., but did not raise the statute of limitations in that motion, and the trial court denied the motion. GM answered the complaint with a general denial and did not raise any affirmative defenses. This Court has stated:
“The statute of limitations is specifically listed as an affirmative defense in [Rule 8(c), Ala. R. Civ. P.]; and the rule requires that it be specially pleaded. Once an answer is filed, if an affirmative defense is not pleaded, it is waived. Robinson v. Morse, 352 So.2d 1355, 1357 (Ala.1977). The defense may be revived ... if the defense appears on the face of the complaint (cf., Sims v. Lewis, 374 So.2d 298, 302 (Ala.1979); and Williams v. McMillan, 352 So.2d 1347, 1349 (Ala.1977)).”
Wallace v. Alabama Ass’n of Classified Sch. Employees, 463 So.2d 135, 136-37 (Ala.1984).
Based on the holding in Wallace, Brown argues that GM waived the affirmative defense of the statute of limitations. GM argues that the defense is revived because, it says, the defense appears on the face of the complaint. In support of this argument, GM points to paragraph 4 of the complaint, which states “[o]n or about, to-wit, the 3rd day of August, 2002, the Plaintiff, Troy Brown, purchased one (1) 2002 Chevrolet Corvette from Bill Heard Chevrolet ..., said automobile having been manufactured by the Defendant, [GM].” The complaint was filed on August 8, 2006, more than four years after the date of purchase alleged in the complaint.
*120 Brown argues that the statute-of-limitations defense does not appear on the face of the complaint because the words “on or about” and “to-wit” precede the date of purchase, thus making the date of delivery uncertain. Brown cites Lewis v. Merrill, 228 Or. 541, 365 P.2d 1052 (1961), in support of his argument. In Lewis, the Oregon Supreme Court considered whether the plaintiff had waived the statute of limitations by asserting the defense in a reply to a counterclaim rather than demurring to the counterclaim. The court held that “an allegation that something occurred ‘on or about’ a certain day, is not an averment that it occurred on any distinct day or time.... [A] demurrer to the complaint based on the statute of limitations would not lie because it did not appear on the face of the complaint when the right of action accrued.” Lewis, 228 Or. at 543-44, 365 P.2d at 1053.
There is no Alabama caselaw that directly addresses the statute-of-limitations defense in this situation. This Court has recognized that the use of the words “on or about” and “to-wit” can create uncertainty as to the time stated in a pleading. See Atchley v. Wood, 255 Ala. 227, 229, 51 So.2d 705, 706 (1951) (“A videlicet means on or about the day specified. When it is so alleged, the evidence need not prove the date strictly as laid. It shows an express purpose to leave the matter of time uncertain.” (citations omitted)); Nelson v. Cutter Boat & Motor Co., 260 Ala. 648, 72 So.2d 86 (1954); Williams v. Shows, 187 Ala. 132, 65 So. 839 (1914); Great Atlantic & Pacific Tea Co. v. Crabtree, 230 Ala. 443, 161 So. 508 (1935); and Pollak v. Gunter & Gunter, 162 Ala. 317, 50 So. 155 (1909). However, these cases were decided at a time when Alabama followed the strict rules of common-law pleading, where any variation between the dates in a pleading and the evidence could be fatal to a plaintiffs case. Therefore, the use of “on or about” was a way to prevent prejudice to a plaintiff from minor inaccuracies in the pleadings when the precise time of an event was not material to the case.[10] See Committee Comments on 1973 Adoption of Rule 9, Ala. R. Civ. P. (“In existing Alabama practice a videlicet is used in order to prevent prejudice from inaccuracies. For example, see Nelson v. Cutter Boat & Motor Co., 260 Ala. 648, 72 So.2d 86 (1954).”).
Although Brown here prefaced his identification of the date of the purchase with the words “on or about” and “to-wit,” the date actually listed falls outside the time allowed by the statute of limitations for the commencement of the action. The date Brown specified in the complaint is the one on which GM is entitled to rely for statute-of-limitations purposes. If it happened that that date were incorrect, Brown could have offered substantial evidence of a later date and thereby presented a question of material fact that would preclude a summary judgment.[11]
*121 Brown cannot rely on the words “on or about” and “to-wit” to relieve him of his representation of the date that he chose and that to all appearances is correct. The statute-of-limitations defense survives because “the defense appears on the face of the complaint.” Wallace v. Alabama Ass'n of Classified Sch. Employees, 463 So.2d at 136. Therefore, I would affirm the trial court’s judgment on this issue as well.
Because Brown does not demonstrate a genuine issue of material fact to overcome GM’s affirmative defense of the statute of limitations or a sufficient basis on which Tittle should be overruled, I respectfully dissent.

. The main opinion suggests that it is “not extending the limitations period beyond the statutory four-year period” but is “merely rec-ognising] that the 'warranty,' or contractual language, at issue here is such that the accrual of that four-year period does not commence on the date of tender of delivery of the good.” 14 So.3d at 112 n. 5. The main opinion also states: “Under the contractual language at issue in this case, we agree with Professor Lawrence that the ‘sounder approach' is to consider that language as a promise to repair the goods in the event a defect occurs.” 14 So.3d at 112. Thus, the main opinion treats GM's alleged breach of the "promise to repair the goods in the event a defect occurs” as a breach-of-contract claim independent of the breach-of-warranty claim. This allows Brown's cause of action to run from GM's alleged breach of the promise to repair instead of from the date of delivery of the goods as is provided in § 7-2-725(2), Ala. Code 1975 ("A breach of warranty occurs when tender of delivery is made, except ... where a warranty explicitly extends to future performance of the goods .... ”). I disagree. This contract is a warranty. The "contractual language” that gives rise to the promise discussed by the main opinion is found in the "2002 General Motors Corporation New Vehicle Limited Warranty” section of the owner's manual. Moreover, Brown did not allege in his complaint that GM had breached the sales contract. He alleged, instead, that GM had breached both the new-vehicle warranty and the extended warranty. See also 14 So.3d at 109 n. 3.

. Modern "notice pleading" rules have achieved the same effect of preventing prejudice from such minor inaccuracies.

. The practice that "a videlicet is used in order to prevent prejudice from inaccuracies” and the opportunity to demonstrate that the date stated in the complaint is not the actual date are consistent in their effects.
In his writing concurring in the result, Justice Lyons argues: "We are not permitted to disregard the limiting phraseology in Brown's complaint lest we run afoul of the rule that allegations of the complaint are to be construed in a light most favorable to the plaintiff, with all doubts and allegations resolved in his favor.” 14 So.3d at 116 (Lyons, J., concurring in the result). I do not believe that the policy of reading the complaint in a light most favorable to the plaintiff requires us to read out of the complaint the date chosen by the plaintiff, nor do I consider it somehow unfair to require the plaintiff, if he maintains *121 that he was mistaken as to the date he chose, to present substantial evidence of another date. See Slaney v. International Amateur Athletic Fed'n, 244 F.3d 580, 597 (7th Cir. 2001) ("[T]he court is not required to ignore facts alleged in the complaint that undermine the plaintiff's claim.”).